## GEORGE SHOCKLEY v. THE STATE.

### No. 1735. Decided December 8, 1897.

**1. Theft — Indictment — Allegation of Unknown Owner — Diligence by Grand Jury.**

An indictment for theft of a horse, which alleged that it was "taken from the possession of a Mexican, whose name is Jose, but whose surname is to the grand jury unknown, and could not be ascertained after diligent inquiry," etc., was sufficient; but it devolved upon the State the burden to prove the diligent inquiry by the grand jury to ascertain the surname of the owner.

**2. Same.**

Where it was made to appear that one of the principal witnesses, who was before the grand jury, knew the alleged owner of the horse, who had worked for him on his ranch, and knew his name and could have given the grand jury his full name had they asked him, which they did not do, and said witness lived only twenty-five miles from the town where the grand jury was in session, and could have been recalled before them had they sent for or issued process for him; Held, inexcusable negligence, and that the evidence failed to support the allegations in the indictment and was insufficient to support the verdict and judgment.

APPEAL from the District Court of Kimble. Tried below before Hon. W. M. ALLISON.

Appeal from a conviction for horse theft; penalty, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

[No briefs for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The indictment charged appellant with the theft of a horse "from the possession of a Mexican, whose name is Jose, but whose surname is to the grand jury unknown, and could not be ascertained after diligent inquiry," etc.

On the trial the owner testified that his name was Jose Ramerez. Joe Pierce also testified for the State, in substance, that the alleged owner worked for him on his ranch, and that he knew his surname, and knew it at the time he was before the grand jury; that if the grand jury had asked him he would have given the alleged owner's full name; that immediately after testifying before the grand jury, he was discharged, and left town for his ranch, twenty-five miles distant. Two of the grand jury men testified that Pierce was not asked the name of the alleged owner while he was before that body, but, directly after discharging him, they went to his residence in the town to recall him to testify in regard to this matter, but that he had left town and gone to his ranch. This is, in substance, the evidence bearing upon this question.

Now it is insisted by appellant that a new trial should have been granted in the court below, which having been refused, this court should reverse the judgment, because the name of the alleged owner is not set out in the indictment. In this connection the court charged the jury that,

if the grand jury used reasonable diligence to ascertain the name of the alleged owner of the horse, this would be sufficient. Under this charge, the jury found that the diligence used by the grand jury was sufficient. The court's charge was a correct enunciation of the law if the facts justified it. This question has often been before the court, and we find no case which supports the ruling of the trial court in this matter. The evidence stated above excludes the idea of reasonable diligence on the part of the grand jury. So far as the record discloses, the owner of the animal himself could have been before the grand jury. He was shown to have been recently in the employ of Mr. Pierce, and was present on the trial, and testified. Mr. Pierce testified that he was before the grand jury, and, if he had been asked with reference to the name of the alleged owner, would have informed the grand jury of that name. He was not asked; and when this witness left the town where the grand jury was in session, and where he lived, he only went a distance of twenty-five miles, and had been gone but a short time when the grand jury desired his recall; and yet no process was issued for him, and no officer sent for him. This, in our judgment, is inexcusable negligence, and shows a want of diligence.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Hurt, Presiding Judge, absent.