### C. THURMAN v. THE STATE.

No. 14519. Delivered November 18, 1931.

The opinion states the case.

*Floyd Jones,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for disposing of mortgaged property; punishment, two years in the penitentiary.

The indictment in this case contained two counts, but the court submitted to the jury only the first count in which appellant was charged with selling or disposing of twelve cows, upon which there was a valid and subsisting mortgage, to some person to the grand jurors unknown.

Attention is called to the fact that nowhere in the statement of facts is there any evidence at all supporting the proposition that the name of the party to whom said animals were sold or disposed of, was unknown to the grand jury,—or that any effort was made by the grand jury to ascertain to whom said animals were sold or disposed of. While not exactly upon the same question, yet upon one in principle the same, the authorities of this state seem harmonious in holding that in theft cases, and other cases similar in character, where it is alleged that the owner of the property in question was unknown, there must be proof of the fact that such owner was unknown to the grand jury, and that the grand jury could not by the exercise of reasonable diligence have ascertained the name of such owner. We think the rule referred to holds good in cases of this character, and that the state having failed to show that the name of the party or parties to whom the alleged mortgaged property was sold or disposed of, was unknown to the grand jury,—and having failed to show that any effort was made by the grand jury to ascertain the names of such parties, the case must be reversed. See Jorasco v. State, 6 Texas App., 238; Cock v. State, 8 Texas App., 665. We have held that a conviction will not be sustained where it appears from the evidence on trial that the grand jury could have ascertained the name of the owner by inquiry of witnesses before them, by the use of reasonable diligence. Shockley v. State, 38 Texas Crim. Rep., 458, 42 S. W., 972, and other cases following same.

Examining the statement of facts herein we observe that not only is it not shown by proof that the name or names of the parties to whom the property was sold or disposed of, were unknown to the grand jury, and that same could not have been ascertained by the use of reasonable diligence, but on the contrary it is in proof that the only one of the animals in question shown to have been sold or disposed of, was sold to one Corbett soon after the alleged mortgage was given. Mr. Corbett was a citizen of the county in which the offense is said to have occurred, and it is in proof that the owner of the mortgage in question ascertained that Corbett had purchased said cow. Whether this knowledge came to the mortgagee before or after the indictment, is not shown from the testimony. It is a rule of law that if the name of the purchaser was known, such fact will rebut the presumption that it was unknown, and will not support an allegation that it was unknown. Boren v. State, 23 Texas App., 33, 4 S. W., 463.

It occurs to us that it is very questionable as to whether the trial court should have instructed the jury in regard to prima facie presumption arising from the sale or disposition of mortgaged property under the facts of this case. There seems to have been no specific exception directed to the charge for this reason, but attention is called to it in view of the possibility of another trial.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*