### ALVIN IRELAND v. THE STATE.

No. 8976.    Delivered April 29, 1925.

**1.—Receiving and Concealing—Indictment—Allegations in—Must Be Proven.**

Where on a trial for receiving and concealing stolen property, the indictment alleging from a person whose name was unknown to the grand jury, it is incumbent on the state to satisfactorily establish this allegation by the evidence, and also to show that some effort was made by them to ascertain the name of such person. Distinguishing Yantis v. State, 144 S. W. 947. Following Manly v. State, 36 Tex. C. R. 578, and other cases cited.

**2.—Same—Circumstantial Evidence—Charge of Court—Error to Refuse.**

After a thorough analysis of the facts given in evidence upon the trial of this cause, the court is of the opinion that it was error to fail to charge the law of circumstantial evidence.

**3.—Same—Accomplice Evidence—Failure to Charge—Error.**

There was sufficient evidence presented on the trial of this cause, that the witness Vestal was a particeps crimini, and the law on accomplice testimony should have been submitted in the charge of the court, instructing the jury to say from the evidence whether or not Vestal was an accomplice, and if so whether his testimony was sufficiently corroborated.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years in the penitentiary.

The opinion states the case.

*Mathis & Caldwell,* of Wichita Falls, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Wichita County of receiving and concealing stolen property, and his punishment fixed at two years in the penitentiary.

It is urged that there is no testimony supporting the allegation in the indictment that the property was received by appellant from a person whose name was unknown to the grand jury. Examining the facts we observe that no grand juror was used to testify that the name of the person from whom appellant received the property alleged to have been stolen, was unknown to that august body, or that any sort of effort was made by them to ascertain the name of such person. Nor did any other witness testify that said name was not known to said grand jury. Three of the four witnesses who testified for the State on this trial, said they were not before the grand jury. The fourth merely said that he was before the grand jury, but made no statement relative to any effort on their part to find out if he knew the name of the person from whom appellant received the alleged stolen property. This court has never gone further on this point than in the Yantis case, 144 S. W. Rep. 947, in which, after reviewing the authorities, it was announced that circumstantially the State had shown that the name of the person from whom appellant received the alleged stolen property was unknown to the grand jury. In said case, in addition to other facts more strongly than here supporting the proposition that such name was unknown to the grand jury, the State introduced the foreman and offered to prove by him that said grand jury made diligent effort and search to ascertain the name of the party from whom the property was stolen. The proposition seems well supported in this State that by some sufficient proof the plea in the indictment that the party's name was unknown to the grand jury should be supported. Manly v. State, 36 Texas Crim. Rep. 578; Henningbery v. State, 72 S. W. Rep. 175; McFay v. State, 49 Texas Crim. Rep. 120; Williams v. State, 153 S. W. Rep. 136; Moore v. State, 206 S. W. Rep. 683.

Since the case must be reversed on the point just mentioned and may be again tried, we further observe that it seems to rest on circumstantial evidence, and no charge was given on the law applicable. Briefly reviewing the facts,—Mr. Hines, the owner of the alleged stolen property, testified to the loss of certain Racine automobile casings as follows: Two 33 x 4½; one 32 x 4/95; two 30 x 3½ and possibly one 30 x 3, and some tubes and accessories, and that he had recovered two casings and another was now in the court house. He further said that the two recovered by him were brought to a filling station belonging to him by State witness McBride who tried to sell them to the man in charge. He does not give the size or description of the two casings recovered or of the one then in the court house. State witness Vestal said he was talking with one Wesley Martin about the time of this alleged theft, discussing auto casings, when appellant and another man walked up, and one of them said they had some tires and would sell them for

$15.00 a piece; that they all got in witness' car and went some twelve miles out near the river where they stopped the car and appellant and his companion left and went out in the bushes and came back presently with two new Racine tires 33 x 4½. He told them they would not fit his car, and they said they had some others and went away and came back presently with two 33 x 4 tires. These would not fit his car, and they then asked him if he would bring them back to town in his car. Witness says he brought them some eight miles back toward town and they then took the casings out and hid them in some mesquites by the road side and came on to town with him. He did not claim to know anything further about these tires. State witness McBride swore that the two casings he carried to Hine's filling station were bought by him from Wesley Martin. He testified: "We went down on the river about 13 miles and got them. They were Racine cords. Mr. Hines said he believed they were his." On cross-examination this witness admitted he was under indictment for receiving and concealing said casings. State witness Richardson swore that he was deputy constable and worked on this case and recovered some tires; that he found one Racine tire 33 x 4 something like 17 or 18 miles out of town near the river; that McBride told him where this tire was; that McBride had already brought two tires from out there,—the two identified by Mr. Hines. This witness further said these were the only three casings recovered or identified.

This much of the testimony is stated to make clear that this was a case of circumstantial evidence. Neither Hines, McBride nor Richardson say one word from which we learn that appellant had anything to do with any stolen tires. Vestal merely says that he went with appellant and another party and Martin to same point about twelve miles out and near the river where appellant and said other man brought out two 33 x 4½ tires which were carried back and then two 32 x 4 tires were brought out and taken some eight miles nearer to town where they were concealed in same mesquite. Vestal does not claim that the two tires brought out belonged to Hines, or that any of them were Hines' tires. He does not identify the place as that visited by McBride or Richardson. No one says the 33 x 4½ tires shown Vestal were those brought by McBride to the filling station, and identified by Hines. The whole matter, as far as its exhibiting appellant's guilt is concerned, was one of inference and conclusion and was necessarily one of circumstantial evidence.

Another thing,—Vestal says he became suspicious of the fact that the tires were stolen when appellant and his companion produced two new tires out of the brush. He also says that thereafter two other new tires were produced which he brought for them and at their request some eight miles to a point where they were again concealed. He says he did not know the stuff was stolen but he

"figured it was". Appellant asked a charge submitting to the jury the question of Vestal being an accomplice and that if he with knowledge aided or encouraged appellant or appellant and his companion in the commission of the unlawful act of said parties, he would be an accomplice. The charge was not correctly framed, but on another trial if the facts be the same, the question of Vestal being an accomplice should be submitted to the jury, and they should be told that if Vestal aided appellant in removing any of the stolen property knowing or believing at the time that it was stolen, he would be an accomplice. Sims v. State, 95 Texas Crim. Rep. 172-173, opinion on rehearing.

For the error discussed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*