PABLO CRUZ v. THE STATE.

No. 12552. Delivered May 22, 1929.

The opinion states the case.

*W. M. Hilliard* of Caldwell, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment confinement in the penitentiary for two years.

It is charged in the indictment that appellant received stolen property from some person whose name was unknown to the grand jury. The stolen property was found buried in a garage back of appellant's house. The officer who found the property testified that appellant stated at the time that he had bought the property from a negro, a white man and a Mexican. Appellant offered testimony showing that one Marcelo Ramos had testified on the examining trial that he, Ramos, had stolen the property and that appellant was not present and had nothing to do with the theft. His confession further showed that he had sold the property he had stolen to appellant's wife. Ramos had been bound over to the grand jury and the examining trial testimony forwarded by the magistrate to the grand jury. No grand juror was used to testify that the name of the person from whom appellant received the property was unknown to that body, or that any effort was made by them to ascertain the name of such person. It is the announcement of the decisions that the allegation in the indictment that the name of the party from whom the stolen property was received was unknown to the grand jury must be supported by some sufficient proof. Ireland v. State, 272 S. W. 181, and authorities cited. In the present record we fail to find any proof supporting the allegation that the name of the party from whom appellant received the stolen property was unknown to the grand jury.

If the state had introduced evidence to show that the name of the party from whom appellant received the stolen property was unknown to the grand jury the testimony of appellant's witnesses would have raised the issue as to whether the grand jury in fact did not know the name of said party or did not use reasonable diligence to ascertain his name.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.