## M. B. MORGAN V. THE STATE.

No. 17231.   Delivered February 27, 1935.
State's Rehearing Denied April 3, 1935.

The opinion states the case.

*John Myers* and *M. M. Wade,* both of Vernon, for appellant.

*Ed Gossett,* District Attorney, of Vernon, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted ·of the offense of fraudulently receiving and concealing a stolen ·automobile, and his punishment was assessed at confinement in the State penitentiary for a term of five years.

The indictment contains one count for the theft of a Chevrolet automobile from the Producers Lumber Company of Seminole, Oklahoma, a corporation, and one count charging the appellant with fraudulently receiving said automobile from some person unknown to the grand jury.

The State's testimony shows that the appellant was in possession of the motor of the alleged stolen car; that he appeared before the grand jury which returned the indictment against him and testified that he received the motor from two boys who, accompanied by two young ladies, spent the night in one of his tourist cabins; that one of the boys registered and that his name appeared on the register; that they pawned to him the motor for $1.50 and at the time of so doing they promised to redeem it within a few days; that after the expiration of some six weeks, when they failed to redeem it, he had the motor taken out of his car and the pawned one put in as it was a better motor.

The appellant's first contention is that there is a variance between the allegations and the evidence. It appears from the testimony that the grand jury could have ascertained from appellant's register the name of the party from whom he received the motor and which register the appellant offered to furnish to the grand jury. If so, the grand jury were not justified in indicting appellant for receiving stolen property from some person unknown to them. See Williams v. State, 153 S. W., 1136; McKay v. State, 90 S. W., 653; Jorasco v. State, 6 Texas Appeals, 238.

Another very serious question is presented by the fact that the indictment charged the appellant with fraudulently receiving and concealing a stolen Chevrolet automobile knowing it to have been stolen. The State in an effort to support said allegation introduced in evidence the appellant's voluntary confession in which he stated that he acquired a motor from two boys who pawned it to him for the sum of $1.50. The State proved by circumstances that the motor was a part of the alleged stolen car, but, the State having shown by appellant's confession that he acquired the motor in a lawful manner consistent with his innocence, the State was bound thereby unless his explanation of the acquisition and possession thereof was proven, either by direct or circumstantial evidence, to be false. See Banks v. State, 56 Texas Crim. Rep., 262; Castleberry v. State, 35 Texas Crim. Rep., 383, 33 S. W., 875; Bryan v. State, 54 Texas Crim. Rep., 62.

While proof of possession of a part of recently stolen prop-

erty may be a sufficient circumstance to show the theft of the entire property, (See White v. State, 17 Texas Appeals, 189; Rose v. State, 52 Texas Crim. Rep., 154), yet the State by introducing in evidence the appellant's voluntary confession showed that he received only the motor of the car. The State, in order to sustain the allegation in the indictment that appellant fraudulently received the automobile, had the burden not only to disprove the exculpatory statement that the motor was pawned to him by two boys, but also had to prove that he fraudulently received not only the motor but the car.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—From the appellant's testimony before the grand jury, introduced by the State, we reproduce the following: "I did not buy that motor from them, I got it on a pawn for $1.50 about the 24th of January; somebody pawned it with me for $1.50. As to who they are, will state that I don't know what you would call his name; he registered on the book and I guess I can get his name for you; it is down at the camp ground. I do not know where this man went after pawning it to me and I do not know where he lived but he registered from Sweetwater."

From the above, it appears that the State introduced testimony in which it was stated that the property had been pawned to the appellant; that he did not know the name of the person from whom he received the property; that appellant stated, "He is registered on the book and I guess I can get his name for you; it is down at the camp ground." We understand this information was obtained in an investigation before the grand jury previous to the indictment of the appellant. The record fails to show that the State made any investigation or effort to ascertain the truth of the appellant's testimony that he had the name of the person, from whom he obtained the property, upon the record at the camp ground. It was the duty of the State in writing the indictment in the form in which it was written, that the person owning the stolen property was unknown, to show that it had made reasonable investigation to ascertain the

name of the owner of the property. The State assumed that the information given by the appellant would not lead to the identity of the person from whom the stolen property was received by the appellant. The assumption may or may not have been correct, but the circumstances are such as made it obligatory upon the State to show that it made such investigation and failed to ascertain the name. If the information left the State in doubt as to the ownership of the property, it might have solved the dilemma by putting in the indictment two counts; one charging the name of the owner unknown and the other charging the name of the person claimed by the appellant to have been the owner.

Article 402, C. C. P., 1925, dealing with the subject of indictments, concludes with the following statement: "Where the ownership of the property is unknown to the grand jury, it shall be sufficient to allege that fact."

In the condition in which the indictment is found, we understand that the precedents require some diligence upon the part of the grand jury or upon the State to learn in some manner the name of the owner of the alleged stolen property. See Clements v. State, 43 Texas Crim. Rep., 400; Trinkle v. State, 88 Texas Crim. Rep., 233; also Branch's Ann. Tex. P. C., p. 239, sec. 463.

We are constrained to overrule the State's motion for rehearing, and it is so ordered.

*Overruled.*