# NOVEMBER 4, 1936

### Tom Brusenham v. The State.

No. 18388.    Delivered June 17, 1936.
Rehearing Denied November 4, 1936.

The opinion states the case.

*Ronald Smallwood,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for five years.

On the night of the 10th of September, 1935, three unidentified men stole some "Wilson Tongs" of the value of two hundred dollars from the Overtex Oil and Gas Company. Witnesses for the State testified that about a week later said property was found in the possession of H. L. Lewis, Joe Hunnicutt and appellant. Again, the State's testimony was to the effect that appellant and Hunnicutt offered to sell the tongs for seventy-five dollars.

Appellant testified that he had nothing to do with the theft. He denied that he received the property from any person. In short, according to his version, he was guilty neither of theft nor of receiving stolen property.

We deem the evidence sufficient. See Palermo v. State, 82 S. W. (2d) 960.

It was alleged in the indictment that appellant received the stolen property from some person to the grand jurors unknown. The assistant district attorney testified, in part, as follows:

"I was present in the grand jury at the time of the investigation of the alleged theft of the tongs and at that time the name of the party from whom the property was received was unknown."

Appellant contends that the foregoing statement is not sufficient to show the exercise of diligence on the part of the

grand jury in an effort to determine the name of the person from whom the property was received. We find nothing in the record to suggest that the grand jury might, by the use of diligence, have ascertained the name of the party from whom appellant received said property. We quote from Palermo v. State, supra, as follows:

"It is the rule that if there is nothing in the evidence in the trial to suggest that the grand jury might, by the use of diligence, have ascertained the name of the party from whom the property was received, proof that they did not know such name is sufficient to sustain the allegation that same was unknown. Branch's Annotated Penal Code, section 2444; Wright v. State (Tex. Cr. App.), 45 S. W., 1016."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant earnestly insists that the evidence is insufficient to support the averment in the indictment that the stolen property was received from some person to the grand jurors unknown. The statement of facts discloses that the witnesses who testified on the trial did not know from whom appellant received the property. A. M. Sibley, who, according to his testimony, discovered the tongs in appellant's possession shortly after the theft, was unable to state the name of the person from whom appellant had received the property. He testified appellant did not tell him from whom he received said property. As stated in the original opinion, the assistant district attorney testified before the jury that the grand jury did not know the name of the person from whom the tongs were received. There being nothing in the record to suggest that the grand jury might have ascertained the name of said person, and the record showing that the witnesses did not know his name, there was sufficient proof that the grand jury did not know it. See McCarty v. State, 35 S. W., 994; Logan v. State, 34 S. W., 925; Branch's Ann. Tex. P. C., Sec. 2444.

The indictment alleged, in substance, that the unknown person from whom appellant received the stolen tongs had theretofore acquired said property in such manner as that the

acquisition thereof came within the meaning of the term "theft." For the first time, appellant contends that the proof fails to show that the unknown person delivering the property to appellant was the same person who had theretofore stolen it. According to the testimony of the State, the property was discovered in appellant's possession a little more than a week after it was stolen. Obviously, the testimony warranted the conclusion of the jury that the unknown person from whom apellant received the property had possession of it recently after the theft. Such unexplained possession of the recently stolen property would have been sufficient to support a conviction of the alleged unknown thief had he been upon trial. Odom v. State, 32 S. W. (2d) 1106; Branch's Ann. Tex. P. C., Sec. 2463. There is nothing in the record to suggest that another person stole the property and delivered it to the unknown person from whom appellant is alleged to have received it. Under the circumstances reflected by the record, we are constrained to hold that the averment in question was sufficiently supported by the evidence.

Our re-examination of the record in the light of appellant's motion for rehearing leaves us of opinion that the evidence is sufficient to support the judgment of conviction.

The motion for rehearing is overruled.

*Overruled.*