## Joe Hunnicutt v. The State.

No. 18486. Delivered November 4, 1936.

The opinion states the case.

*Ronald Smallwood,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of fraudulently receiving and concealing stolen property, and his punishment was assessed at confinement in the state penitiary for a term of two years.

The indictment contains two counts. The first count charged H. L. Lewis, Tom Brusenham, and appellant with theft of one set of four-inch Wilson tongs of the value of more than fifty dollars. The second count charged "that H. L. Lewis and Joe Honeycutt and Tom Brusenham on or about the 10th day of September, A. D. 1935, and anterior to the presentment of this indictment, in the County of Rusk and State of Texas, did then and there unlawfully and fraudulently receive from some person to the grand jurors unknown certain corporeal personal property then and there belonging to A. M. Sibley, and which had theretofore been acquired by the unknown person from whom it was so received in such a manner as that the acquisition comes within the meaning of the term theft, the said property being one set of four-inch Wilson tongs complete with handles and turnbuckles of the value of more than fifty dollars, and the said H. L. Lewis and Joe Honeycutt and Tom Brusenham did then and there fraudulently receive and con-

ceal the said property then and there well knowing the same to have been so acquired," etc. At the conclusion of the testimony the appellant requested the court to peremptorily instruct the jury to return a verdict of not guilty, which the court declined to do. We have carefully gone over the record, but fail to find any testimony that the grand jury did not know from whom the appellant received the alleged stolen property or that by the exercise of reasonable diligence it could not have been ascertained. We find, however, in the record the testimony of Mr. Wright to the effect that he had a conversation with the appellant; that in this conversation the appellant told him that Tom Brusenham and Blackie Lewis actually took the tongs; that his part of it was, after the tongs were taken, to dispose of them. We quote from his testimony as follows: "He told me Brusenham was his son-in-law. He told me they did the actual stealing of the tongs." The witness further testified: "I believe I gave all the information I was in possession of to the grand jury." It has been held by this court that whenever it is charged in the indictment that the property was received by the accused from a person whose name was unknown to the grand jury that some proof must be offered that said party's name was unknown to the grand jury and that by the exercise of reasonable diligence it could not be ascertained. See Grimes v. State, 94 S. W. (2d) 1153, and authorities there cited. See, also, Carlisle v. State, 93 S. W. (2d) 730.

In the case of Williams v. State, 69 Texas Crim. Rep., 164, Judge Davidson speaking for the court said:

"It is alleged in the indictment that appellant received the property from some person to the grand jurors unknown. The evidence discloses that, on the night appellant was arrested with the property in his possession, the officers knew,—and the evidence all shows, that appellant received the property from Roy Williams. If the statement of facts shows any one thing clearly, it is that fact. The grand jury, with these witnesses before them, knew from whom appellant received the brass, or could have known, because several, if not all, the witnesses, who had anything to do with appellant that night, testified that they so knew. The grand jury were not justified in indicting him for receiving stolen property from some person unknown to them."

In the case of McKay v. State, 49 Texas Crim. Rep., 118, this court speaking through Judge Davidson said:

"It is also the law in this state, by a long line of decisions, that if the grand jury knew or could have known, the name of

the party from whom the property was received, the conviction cannot be sustained upon an allegation in the indictment that the name of such party was unknown to the grand jury. * * * The evidence on the trial must meet the allegations of the indictment."

In other words in case the person from whom the property was received was unknown to the grand jury, there must be some proof to support the allegation; and in case it is alleged that the person from whom the property was received was unknown to the grand jury, but the proof shows that the grand jury knew or by the exercise of reasonable diligence could have known from whom the alleged stolen property was received, then there is a variance between the allegation and the proof. See Williams v. State, supra.

Appellant in due time objected to the court's charge on the ground that the court had failed to give to the jury an affirmative instruction on his defensive theory. We think the appellant's position is well taken because appellant testified he worked in the oil field and did not know that the alleged stolen property was under his house; that he did not place it there; that Tom Brusenham, his son-in-law, was living with him; that Lewis had come with Brusenham to his, appellant's home on the day and the day previous to the time that the property was discovered under his, appellant's, home. This raised the issue as to whether or not appellant received the stolen property knowing at the time that it was stolen and that he placed it under his house for the purpose of concealing it. If he did not receive it and did not conceal it, he could not be guilty. The State relied entirely upon possession of recently stolen property as a circumstance to establish the fact that appellant had fraudulently received the property from an unknown thief and concealed it. The court in his charge did not affirmatively instruct the jury on this phase of the case. The court should have responded to the appellant's objection and reformed his charge to conform to the objection and in failing to do so committed reversible error. Every defendant is entitled to an affirmative instruction on his defensive theory. See Martin v. State, 57 Texas Crim. Rep., 264; Elliston v. State, 10 Tex. Cr. R., 361; Lawrence v. State, 10 Tex. Cr. R., 495.

Appellant has a number of bills of exception in the record which are in question and answer form without a certificate from the trial judge that it was necessary that they be in such form, and, therefore, cannot under the rule of this court be

264

considered. See art. 760, C. C. P., 1925; Monday v. State, 124 Texas Crim. Rep., 44.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal. Appeals and approved by the Court.