JOHNNIE MURPHY v. THE STATE.

No. 18596.   Delivered November 18, 1936.

The opinion states the case.

C. Y. Welch, of Quanah, and J. R. Porter, of Clarendon, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and con-

cealing stolen property; the punishment, confinement in the penitentiary for two years.

S. V. McKee testified that his automobile was stolen from his premises on the 9th of February, 1935. The following day the car was found in the possession of Howard Murphy, a nephew of appellant, at the home of George Naron. After Howard Murphy had been at the home of Naron for several hours, appellant appeared and he and Howard Murphy took the battery and generator from the car. About a week later appellant and Howard Murphy returned to the home of Naron and removed the automobile. According to the testimony of the State, the car was next seen in the possession of appellant at the home of O. P. Blair. At that place appellant removed the wheels and motor of the car and carried them away. These parts were found in a wrecking establishment in which appellant worked.

The indictment embraced two counts, one charging that appellant and Howard Murphy stole the automobile, and the other that said parties fraudulently received said property from a person to the grand jurors unknown. The jury predicated their verdict upon that count charging that the property had been received from a person to the grand jurors unknown. The State's attorney before this court expresses the opinion that the evidence conclusively shows that the grand jury knew the name of the person from whom the stolen property was received. We quote from the State's brief, as follows:

"Applying this last rule to the instant case, we find that all the State's evidence in this case shows that Howard Murphy stole the automobile, the circumstance of his recent possession thereof being sufficient to show this. There is no evidence that the appellant was acting in conjunction with his nephew, up until the time he received the automobile from his nephew. The State's testimony showing that his nephew stole the automobile, and the testimony showing that the appellant received the automobile from his nephew, necessarily brings us to the conclusion that the grand jury had direct proof and information before them that the appellant received the automobile—not from some unknown party, but from his nephew—because, in addition to all of the other facts and circumstances, they made the direct allegation in the indictment that these two parties worked together."

We are constrained to agree with the State's attorney.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.