## T. K. MANLEY V. THE STATE.

No. 20822. Delivered February 7, 1940.

The opinion states the case.

*Curtis Douglass,* of Panhandle, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is knowingly receiving and concealing stolen property; the punishment, confinement in the penitentiary for two years.

The indictment charged that the appellant received the property from some person to the grand jurors unknown. We understand from the testimony that the grand jury did know or should have known by the exercise of reasonable diligence that appellant received the property from Less Downey and Gordon Parks, both of whom appear to have stolen from Ed Rawson several joints of pipe having the value of more than fifty dollars. These witnesses testified for the State to the effect that they delivered the property to appellant. Appellant contends that there is a variance between the proof and allegation relative to the party from whom the property was received. It appears that his contention is sustained by the holding in Hunnicutt v. State, 97 S. W. (2d) 957. In that case the court said: "It has been held by this court that whenever it is charged in the indictment that the property was received by the accused from a person whose name was unknown to the grand jury, some proof must be offered that said party's name was unknown to the grand jury and that by the exercise of reasonable diligence it could not be ascertained." The State's Attorney before this court confesses error on this point.

Downey and Parks were accomplice witnesses and the court instructed the jury that they were accomplice witnesses as a matter of law. Appellant excepted to the charge because it failed to instruct the jury that one accomplice witness could not corroborate another accomplice witness. This exception was well taken. Jolly v. State, 103 S. W. (2d) 161; Lightfoot v. State, 80 S. W. (2d) 984. The State's Attorney also confesses error on this point.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.