# JOHN ERVIN RENFROE V. THE STATE.

No. 21723.  Delivered November 12, 1941.
Rehearing Denied January 7, 1942.

The opinion states the case.

*Clyde Vinson, Robert P. Brown, W. A. Johnson* and *Wm. E. Davenport,* all of San Angelo, for appellant.

*O. C. Fisher,* District Attorney, and *Ralph Logan,* County Attorney, both of San Angelo, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of two years upon a conviction for sheep theft in Irion County.

It is alleged that on or about the 13th day of April, 1940, appellant took seven sheep from the possession of a person or persons, to the grand jurors unknown, without the owner's consent and with intent to deprive said unknown person or persons of the value of same.

That a prosecution will lie for the theft of property from an unknown owner is well established, but the difficulty of proving the theft and all of the elements required by law must be recognized. There are conditions which this court cannot remove and which would be very difficult subjects for the Legislature to deal with in an effective way. Title in an unknown owner is very difficult to prove, but lack of consent would appear to be much more so. This accounts for the very lengthy statement of facts in this particular case so that no attempt

is made to state all of the circumstances, further than to be able to distinguish this case from the former decisions of the court in order to account for the conclusion which we reach.

At the conclusion of the testimony appellant timely presented his request for an instructed verdict finding him not guilty, and it is presented that the evidence is insufficient to show his guilt.

The State relies on the case of Kuykendall v. State, 36 S. W. (2d) 726. This is probably the only case which will be materially helpful on the particular question, and on first thought they appear to be very similar. We will state enough of the facts of both cases to set forth our position.

In the Kuykendall case the appellant came to town about sun up with the carcasses of some beeves for sale. Suspicion was created and investigation was immediately begun. He told the officers that he bought the cattle from one Gray; that they had been marked in his brand and he offered to take the officers to the home of Gray and show them the hides and heads. The officers accepted this offer and they found Gray, together with the witness Chestnut, on the premises where the cattle had been killed. Gray claimed that he had just sold the hides to a man who had driven down the road. The officers followed in that direction, but soon found that they were misled. They turned back and went to town. While they were gone, Chestnut testifies, Gray said to appellant, "I have thrown them off the track," or something to that effect. To this appellant replied that they were up against it and he wanted to kill seven more cattle and get the hides and turn them over to the sheriff. This evidence given by Chestnut was the essential element, as we view it, in that case which sustained the conviction. It was direct testimony from the appellant and his associate in the crime admitting guilt. Furthermore, it was shown that Kuykendall had once been convicted of cattle theft, and there were other circumstances equally as strong, if not stronger, than those found in the case at bar.

Ed Allen purchased the sheep in question from appellant and he says that on the 13th day of April, 1940, appellant telephoned him to come to his home in San Angelo and bring a pickup with sideboards. He did so; spent the night and the next day, which was Sunday, as well as the following night, buying the sheep at $6.50 each; that he gave appellant a check

for $9.00 and credited appellant's account with $35.00; that these sheep were freshly marked and freshly shorn. There was indication of an old mark that had not been completely obliterated. Troy Renfroe, a nephew of appellant, testified against him, denying a statement which appellant had made to Allen. The witness admitted having had a disagreement with his father and with appellant, indicating bad blood between them.

Willie Burke testified, over objection, that he had a ranch near the ranch of Tom Renfroe, brother of appellant, and in the vicinity from which one of the witnesses testified that appellant brought seven sheep about the time the ones in question were sold to Allen. Burke owned some sheep adjoining the Renfroe place which were marked with an overbit in the left ear and he missed ten ewe lambs out of one pasture and six out of another in the spring of 1940. He said he could not identify them if the ear marks had been partially cut out.

Mrs. Box, chief witness for the State, testifies about going to the ranch of Tom Renfroe with appellant's present wife one Saturday afternoon and that appellant came back with them. Tom Renfroe and family came to the ranch about the time they arrived, and were somewhere on the place as they left. Appellant got seven or eight sheep and some sacks of wool out of an old shed on the premises. The sheep were freshly shorn and their ears were bleeding. She stated that as best she remembered appellant told them that Tom Renfroe owed him some money and that he was taking the sheep in payment; that he owed Ed Allen some money and that Allen was going to take the sheep in payment. They reached San Angelo about dark and she got out at her own home.

Apparently, appellant told a conflicting story about where he acquired the sheep. On one occasion he told Ed Allen that he got the sheep from a man out at the edge of town who owed Troy Renfroe and that there was trouble about it. Troy Renfroe denied the existence of such an obligation to him. To the sheriff he claimed that he secured them in a trade from his ex-wife, from whom he had been divorced some years, and who was in the sheep business. She verifies this as a witness and we are unable to find any material discredit to her testimony in the matter.

Relatives seem to be involved on both sides of the case and

there is just such conflict of evidence on many immaterial matters as might be expected under the circumstances which are revealed, but there is no circumstance of a conclusive nature and no admission of a fact which makes certain the commission of the offense of theft. Appellant's story to the officers was not disproven and his statement to Allen, which appears in conflict, is not sufficient to do so. Evidence that one has falsified about a matter may not be positive proof of his guilt of a charge of theft. While it is true that appellant in this case is quoted as having made contradictory statements, it is possible to account for that by conclusions other than his guilt of the charge.

Further contrasting the Kuykendall case, it was proven conclusively that Kuykendall had no cattle of his own; that the purchase from Gray by him of that number of cattle was unreasonable, while in the instant case appellant is seen to have been in possession of sheep at his home, consistent with his defense and contrary to the State's theory of the case. He is shown by the testimony to have been dealing in sheep for some length of time. His reputation was put in issue and, while the evidence is not strong, he gave the State an opportunity to prove a bad reputation if it were possible to do so. The evidence in the Kuykendall case was without dispute. In the instant case it is disputed in some instances and in others is accounted for by the existence of malice on the part of witnesses who testified. This discussion of those differences will, in our opinion, suffice to distinguish it from the Kuykendall case, without which the State has no support for its contention. As we view the evidence it presents nothing more than a strong suspicion against the appellant and is wholly insufficient to warrant a conviction.

Bill of exception number two complains of the introduction in evidence of a statement by Troy Renfroe that he was mad at the appellant because he had stolen twenty-seven ewes with twin lambs and cut their ears off at a previous date while the witness was working for appellant on the ranch. The court admitted this evidence on the theory that the appellant had opened up the subject. It is correct that appellant had asked him if he was not mad at his uncle and he said he was. We do not find from the record that the defendant went any further than this, and unless he had gone into the reason for the ill feelings we do not consider that he had sufficiently opened up the subject to permit the State to go into details and prove the commission of another offense. The damaging effect in the trial

of this case is enhanced by the similarity of the two accusations. Here the State relies on circumstantial evidence. Testimony regarding the commission of another offense by similar methods would be especially hurtful, and does not come under one of the exceptions to the rule.

. Bill of exception number three complains of the testimony of Willis Burke, hereinabove referred to, who said that he had missed ten sheep from one pasture and six from another at about the time of year that the seven in question were sold to Ed Allen. It was said by Judge Lattimore in the case of Kuykendall v. State, 36 S. W. (2d) at page 727, that if the party had stolen cattle from the witness who claimed to have lost some at that particular time, he should be so charged in the indictment, but that having been indicted for the theft of cattle from an unknown owner, the proof of the theft of cattle from parties known to have lost them would not be admissible against him. No objection was made to this testimony in the Kuykendall case and it is only discussed, but, we think, with sound reasoning. In the instant case it is before us under very similar circumstances. While we are not in position to sustain the bill, yet, we do feel that in view of another trial of the case it may be helpful to state our views on it.

· For like reason bill of exception number twelve, which complains of the evidence of Mrs. Box relative to some chickens being taken and of another party that chickens were lost, involves the commission of an entirely separate and distinct offense and has no place in the trial of this case.

The judgment of the trial court is reversed and the cause remanded.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed an elaborate motion for a rehearing in this case which discloses much research and effort on the part of counsel in marshalling the facts in an endeavor to convince us that we committed error in reversing and remanding this cause on the ground of the insufficiency of the evidence to sustain the conviction. It may be that in the discussion of the legal proposition involved we used too many words in our effort to show that the State's evidence does not show the appellant's guilt beyond a reasonable doubt and thus failed to

clearly convey to the District Attorney the real basis of our conclusion. The real basis of our conclusion was that the State had failed to establish the corpus delicti.

The indictment in this case charged appellant with the theft of seven sheep from an unknown owner. This the State was required to prove beyond a reasonable doubt and unless it did so, the conviction cannot stand. In deciding this question, we will consider the State's evidence in its strongest light for the purpose of determining whether or not it established the corpus delicti. If it does not, that ends this case, although appellant may have made contradictory statements as to how and where he acquired the alleged stolen sheep. The State's evidence shows that on the 13th day of April, 1940, appellant took seven sheep out of a pen or barn on Tom Renfroe's ranch, put them in an automobile and carried them to San Angelo, where he sold them. These sheep were freshly sheared and the left ear of each was partly cut off and was bleeding. These are the sheep which the State claims were stolen by appellant from an unknown owner. There is no proof that any sheep in that community belonging to an unknown owner had disappeared or had been missed. The evidence is equally as strong that the sheep in question, if stolen at all, were stolen from Tom Renfroe or William Burke as from an unknown owner. If the sheep were stolen from either of them, then they were taken from a known owner, and under such circumstances, there would be a variance between the allegation and the proof. Obviously, this would not sustain a conviction for theft from an unknown owner. See Morgan v. State, 80 S. W. (2d) 975. The record reveals that the grand jury had Burke and other ranchmen before them in endeavoring to ascertain whose sheep they were. Presumably, neither claimed them. If there were any sheep in that community which belonged to a person unknown, certainly some proof could have been offered in support thereof; and if such sheep disappeared or were missed, it seems reasonable that some evidence on the subject could have been introduced by the State. In support of what we have said here, we refer to the following authorities: Lane v. State, 45 S. W. 693; Dawson v. State, 61 S. W. 489.

The State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.