George E. CUNNINGHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 45154.

Court of Criminal Appeals of Texas.

July 19, 1972.

Rehearing Denied Oct. 18, 1972.

G. Stanley Rentz, Waco (court appointed), for appellant.

Martin D. Eichelberger, Dist. Atty., Ron Slaughter, Bob Burdette, Randall Sellers and Frank M. Fitzpatrick, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's

Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for concealing stolen property; the punishment, eight years imprisonment.

At approximately 6:00 p. m. on the evening of January 27, 1970, Fire Chief John Blake of the McGregor Volunteer Fire Department, in response to a call, accompanied two fire trucks to the burning three-room house where appellant lived as a tenant. After "close to half" of the house was destroyed and the fire appeared to have been extinguished, Chief Blake inspected the house. Inside he discovered "several items of electrical appliances and cases of paint, pillows, screen wire and hardware cloth" which, for the most part, "were in new condition."

Chief Blake and the other members of the fire department left the scene, but returned when, sometime after 1:00 a. m. the following morning, they were notified that the house was again ablaze. After the "second" fire, the house was "for all practical purposes" completely burned down.

Later that morning Chief Blake called Alton Janes of the Lee Hardware Store, where appellant worked, and suggested that Janes go look at the ruins; Blake indicated that his suspicions were aroused by the large number of new appliances and hardware goods he saw at the ruins and that he thought they might have come from the Lee Store.

Janes went to appellant's burned residence and discovered a Hoover Vacuum Cleaner, priced at $79.50. The serial number of the vacuum cleaner, the item for which appellant was specifically charged with having received and concealed, was shown to be the same as that on an invoice at Lee Hardware; the store's records reflected that the vacuum cleaner in question had not been sold by Lee Hardware. In all, approximately $800.00 worth of merchandise was found on the premises of appellant's residence.

The written statement of the appellant, admitted into evidence, reads as follows:

"My name is George Emery Cunningham. I am 49 years of age and I reside 600 E. 2nd. St. McGregor- Texas for the past 5 or 6 years.

"I work for G. W. Lee Hardware Co. for the past 5 or 6 years.

"Someone started App. (sic) last June until present time taking merchandise out of G. W. Lee's store and putting it in my house at 600 East 2nd St.

"I realize that I was receiving and concealing stolen merchandise. Why I didn't report it was that they were paying me off. I do not know who was putting it there. Some where (sic) soldiers and the others were civilian boys.

"Sometimes they would come and pick up the stuff and give me $3 or $4.

"There has been quite a lot of stuff carried off and disposed of which I don't know where they took it."

The appellant's first five grounds of error relate to the admission into evidence of appellant's signed confession.

Constable Orville Phillips arrested the appellant at approximately 9:00 a. m., January 28, 1970. Phillips took appellant before Justice of the Peace John Allen to be advised of his constitutional rights as provided by Article 15.17, Vernon's Ann.C.C.P. The appellant was then placed in jail. At approximately 2:00 p. m., Phillips took the appellant before Justice of the Peace Allen for the purpose of having him advised of his rights for the second time because appellant had appeared to be intoxicated at the time the first warning was given.

Appellant's statement was made and transcribed between 5:00 and 5:30 p. m.

the evening of the 28th by Constable Phillips.

Ground of error number five alleges ". . . it was not shown that Constable Phillips warned Appellant as required by Art. 38.22, [subd. 1], Subsection (c)."

Article 38.22, V.A.C.C.P., provides alternative ways in which a written extrajudicial statement may be made. A statement made in compliance with one of the designated alternative ways is admissible in evidence. A written confession "made while the defendant was in jail or other place of confinement or in the custody of an officer . . ." shall be admissible under Article 38.22, subd. 1(c), V.A.C.C.P. if:

"it be made in writing to some person who has warned the defendant from whom the statement is taken that

"(1) he has the right to have a lawyer present to advise him either prior to any questioning or during any questioning,

"(2) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to counsel with him prior to or during any questioning, and

"(3) he has the right to remain silent and not make any statement at all and that any statement he makes may be used in evidence against him at his trial."

On direct examination of Constable Phillips it was determined that Phillips personally "warned" appellant "that he had a right to have a lawyer present to advise him either prior to or during any questions," "that if he was not able to employ a lawyer that he had the right to have a lawyer appointed to counsel with him . . .," "that he had the right to remain silent and not make any statement at all and that any statement that he made may be used against him." On cross-examination it was shown that Phillips also told appellant that "at any time he was giving a statement if he wanted to stop he could . . ."

■ The record reflects that appellant was advised of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that, prior to taking appellant's statement, Constable Phillips advised him of his rights in compliance with Article 38.22, subd. 1(c), V.A.C.C.P. Appellant's fifth ground of error is overruled.

■ In his fourth ground of error appellant contends that "it was not shown beyond a reasonable doubt that appellant intelligently waived his rights in the warnings given." At the Jackson v. Denno[1] hearing conducted on appellant's motion to suppress the confession, the court found that appellant "knowingly and intelligently waived his rights and made the statement . . . as a free and voluntary statement . . ." Further, the jury was charged that, "unless you believe beyond a reasonable doubt that the alleged confession or statement introduced into evidence was voluntarily made by the defendant, or if you have a reasonable doubt thereof, you shall not consider such alleged confession for any purpose whatsoever."[2]

The record supports the court's findings and the jury's verdict.

No error is shown in the admission into evidence of appellant's confession. This ground of error is overruled.

Having found that the confession was properly admitted we need not further consider the appellant's grounds of error numbers two and three in which he urges the confession was not admissible in evidence because of the alleged failure of the magistrate to fully comply with Articles 15.17 and 38.22, V.A.C.C.P.

---

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908 (1964). See also Article 38.22, V.A.C.C.P.

2. Article 38.23, V.A.C.C.P.

The appellant's first ground of error urges the confession was inadmissible because " . . . it did not contain the date, time or place of warning nor the magistrate's name on its face as required by Article 38.22 [subd. 1], Subsection (b)," V.A.C.C.P. This ground of error need not be considered because, as already discussed, the confession was admissible under the provisions of Article 38.22, subd. 1(c), V. A.C.C.P. Further, the provisions of Article 38.22, subd. 1(b), V.A.C.C.P., applicable at the time the confession was made on January 28, 1970, do not require the confession to show on its face "the date, time (and) place of warning (or) the magistrate's name" under all circumstances. Moore v. State, 462 S.W.2d 574 (Tex.Cr. App.1971) and Hassler v. State, 473 S.W. 2d 513 (Tex.Cr.App.1971).

In his sixth ground of error appellant alleges "The case should be reversed and remanded because appellant was denied a speedy trial." Appellant argues that the constitutional guarantee that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . "[3] has application to appellate review. We do not agree. "The *trial* referred to means a trial by jury to determine guilt or innocence and does not include an *appeal* which is simply the method provided for review of the proceedings in a trial which has already been held." State v. Lagerquist, 254 S.C. 501, 176 S.E. 2d 141 (1970), cert. denied, 401 U.S. 937, 91 S.Ct. 912, 28 L.Ed.2d 216 (1971); State ex rel. Mastrian v. Tahash, 277 Minn. 309, 152 N.W.2d 786 (1967). Absent a showing that a delay on appeal amounts to a denial of due process, relief will not be granted. United States v. Massimo, 432 F.2d 324 (2d Cir. 1970), cert. denied, 400 U.S. 1022, 91 S.Ct. 586, 27 L.Ed.2d 633 (1971); United States v. Cifarelli, 401 F.2d 512 (2d Cir. 1968), cert. denied, 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448 (1968). This ground of error is overruled.

In appellant's seventh ground of error he alleges "The Court committed reversible error in allowing State's witness Janes to read a list of items found on Appellant's property allegedly stolen from [the] G. W. Lee Store." Appellant argues that in so doing, the State was allowed to introduce evidence of extraneous offenses.

It would be proper to show the presence of other stolen goods on the premises with the item for which the accused is charged with having received and concealed, even if all such items were not alleged in the indictment. Henderson v. State, 76 Tex.Cr.R. 66, 172 S.W. 793 (Tex.Cr.App.1915); Robinson v. State, 141 Tex.Cr.R. 380, 148 S.W.2d 1115 (Tex.Cr. App.1941) (reversed on other grounds); *cf.* Lanier v. State, 172 Tex.Cr.R. 238, 356 S.W.2d 671 (Tex.Cr.App.1962). In the cause before us, though, this need not be decided. Appellant's confession of January 28, 1970, states: "Someone started App. (sic) last June until present time taking merchandise out of G. W. Lee's store and putting it in my house . . .

\* \* \* \* \* \*

"Sometimes they would come and pick up the stuff and give me $3 or $4.

"There has been quite a lot of stuff carried off and disposed of which I don't know where they took it."

Clearly, evidence that other merchandise had been stolen and thereafter concealed at appellant's residence was already before the jury. Further, the list, State's Exhibit No. 4, was later admitted into evidence without objection. This ground of error is overruled.

The appellant's ground of error number eight urges that the evidence is insufficient because the State failed to prove that the grand jury did not know or could not have ascertained by the exercise of reasonable diligence the name of the person from whom the appellant received the stolen

---

3. U.S.Const. amend. VI; see also Tex.Const. art. I, § 10, Vernon's Ann.St.

property. The appellant cites and relies upon Hunnicutt v. State, 131 Tex.Cr.R. 260, 97 S.W.2d 957 (Tex.Cr.App.1936) and Manley v. State, 138 Tex.Cr.R. 379, 136 S. W.2d 613 (Tex.Cr.App.1940).

▮▮▮ The rule appears to be that a fatal variance results where the indictment alleges that the person from whom the defendant received the stolen property is unknown to the grand jury and proof at the trial shows that the grand jury did in fact know the name of such person or could have ascertained it by reasonable diligence. Williams v. State, 69 Tex.Cr.R. 163, 153 S.W. 1136 (Tex.Cr.App.1913); Moore v. State, 84 Tex.Cr.R. 256, 206 S.W. 683 (Tex.Cr.App.1918); Ireland v. State, 100 Tex.Cr.R. 496, 272 S.W. 181 (Tex.Cr.App. 1925); Morgan v. State, 128 Tex.Cr.R. 290, 80 S.W.2d 975 (Tex.Cr.App.1935); Hunnicutt v. State, 131 Tex.Cr.R. 260, 97 S.W.2d 957 (Tex.Cr.App.1936); Murphy v. State, 131 Tex.Cr.R. 319, 98 S.W.2d 831 (Tex.Cr.App.1936) and Manley v. State, 138 Tex.Cr.R. 379, 136 S.W.2d 613 (Tex. Cr.App.1940). However, where nothing is developed in a trial to suggest that investigation by the grand jury could have ascertained from whom a defendant received the stolen property, there is a prima facie showing that the name of the party from whom the defendant received the property was unknown to the grand jury, thereby supporting such averment in the indictment. The question of variance is not presented. This is especially true where the whole case shows that if the grand jury had been in possession of all the evidence developed on the trial it still could not have determined from whom the defendant received the stolen property. Mathis v. State, 133 Tex.Cr.R. 367, 111 S.W.2d 252 (Tex.Cr.App.1937); Dalton v. State, 150 Tex.Cr.R. 305, 202 S.W.2d 228 (Tex.Cr. App.1947); and Brusenham v. State, 131 Tex.Cr.R. 250, 97 S.W.2d 473 (Tex.Cr. App.1936).

4. If it is so alleged, prosecutors should offer evidence that the person from whom the property was received was unknown to the grand jury through the testimony

The evidence in this case does not show that the grand jury knew or could have known by the use of reasonable diligence from whom the appellant received the stolen property. On the contrary, the appellant's confession states that "I realize that I was receiving and concealing stolen merchandise . . . I do not know who was putting it there. Some where (sic) soldiers and the others were civilian boys." [4] No error being shown, this ground of error is overruled.

▮▮▮ In appellant's ninth ground of error he urges that "the court committed reversible error in overruling appellant's objection to the prosecutor's argument." In the argument of which complaint is made the prosecuting attorney stated to the members of the jury that if they believed the appellant's denials of having made the written statement and of having no knowledge that the stolen goods were in the house, "you are twelve of the most gullible people anybody has ever seen."

Under the facts of the case, and taken in context, it would appear that the argument was based on evidence before the jury and it was an expression of the prosecutor's opinion. Appellant's ninth ground of error is overruled. *Cf.* Hanson v. State, 139 Tex.Cr.R. 233, 139 S.W.2d 573 (Tex.Cr. App.1940); 12 Tex.. Digest, Criminal Law, ▮▮▮

▮▮▮ Ground of error number ten alleges "The Assistant District Attorney . . . improperly injected new facts into the case by unsworn testimony in his argument by arguing that crime was on the increase in the County." Such argument would appear to be a proper plea for law enforcement. This ground of error is overruled. Pogue v. State, 474 S.W.2d 492 (Tex.Cr.App.1971); 12 Tex. Digest, Criminal Law, ▮▮▮

of a member of the grand jury rather than to rely upon the rule in Mathis v. State, *supra*; Dalton v. State, *supra*; and Brusenham v. State, *supra*.

In his eleventh ground of error appellant urges that the prosecuting attorney committed reversible error in his closing argument at the punishment stage of the trial when he said, "Mr. Cunningham is not entitled to probation, therefore, you've had no charge submitted to you for probation." Appellant's objection to the remark was sustained and the jury was instructed to disregard the prosecutor's comment.

The error in the above argument, if any, was cured by the trial court's having had the comment withdrawn and having instructed the jury to disregard it. Ward v. State, 474 S.W.2d 471 (Tex.Cr.App.1971). This ground of error is overruled.

The jury by its verdict found the appellant guilty of the offense of *concealing* stolen property. The judgment and sentence are therefore reformed to provide for the conviction of appellant for concealing stolen property rather than for receiving and concealing stolen property.

The judgment, as reformed, is affirmed.

Opinion approved by the Court.