**Oscar Zuniga ORDAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–88–417–CR.

Court of Appeals of Texas,
Corpus Christi.

March 23, 1989.

Joseph A. Connors, III, Mauro Barreiro, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a conviction for the offense of theft. Oscar Ordaz, appellant, was found guilty by a jury, and the trial court assessed his punishment at eight years' confinement in the Texas Department of Corrections. Appellant presents three points of error for review. We affirm the judgment of the trial court.

The indictment charging appellant with theft provides that:

... [O]n or about the 4th day of February, 1988, in Hidalgo County, Texas the defendant Oscar Zuniga Ordaz did then and there intentionally, knowing said property was stolen by another, appropriate, by acquiring and otherwise exercising control over, said property which was stolen to wit: one (1) men's class ring, one (1) ladies class ring, one (1) watch,

one (1) two dollar bill in United States currency, one (1) white gold necklace, one (1) small yellow gold ring of the value of at least $750.00 but less than $2,000.00 *from a person or persons to the grand jurors unknown,* with intent to deprive the owner, Larry Pressler of said property. (emphasis ours).

In three points of error, appellant contends that the evidence is legally and factually insufficient to support his conviction. Specifically, he asserts there is insufficient evidence that the name of the thief was unknown to the grand jury, and that there was insufficient or no evidence that the grand jury used due diligence in trying to ascertain the fact which was alleged to be unknown.

When reviewing the sufficiency of the evidence, appellate courts must view all the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State,* 746 S.W.2d 747, 750 (Tex.Crim.App.1988); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984).

Since appellant challenges the sufficiency of the evidence, a brief recitation of the evidence introduced at trial is necessary. The evidence reveals that on February 3, 1988, Larry Pressler reported a burglary at his home in McAllen, Texas. Pressler reported that various items were stolen from his home, including a green canvas case, two (2) high school rings from Fredericksburg High School, various items of jewelry, three (3) bills of Yugoslavian currency,[1] ten (10) bills of Venezuelan currency, and six (6) two-dollar bills of American currency. Two McAllen police officers investigated the scene, and found a set of fingerprints inside Pressler's home.

The following day, February 4, 1988, a police officer, Willard Russell Jackson, was assigned to check a pawn shop. He testified that he went to the Gold and Silver Exchange located in McAllen and observed two men inside the store, standing at the counter trying to sell some jewelry. (Jack-

son later identified one of the men as the appellant.) After hearing one of the men state "Fredricksburg, I don't even know where that's at," Jackson identified himself and told the men that he believed that property was stolen. Jackson observed appellant fold and place a purple paper currency in his wallet as he approached appellant.

Jackson then called a "back up unit." When another officer arrived at the scene, Jackson looked inside the suspects' car and found a blue "oriental type" bag lying on the center console. Jackson testified he took the bag from the car, which had several pieces of jewelry in it. At this point, Jackson observed appellant drop a lady's high school class ring. Jackson then arrested appellant and his friends.

Later that evening, appellant gave a written statement wherein he swore that on February 4, 1988, he was at a local park when a man, unknown to him, asked him if he wanted to buy some jewelry, change, and a two-dollar bill. According to his confession, the unidentified man told appellant that his mother was ill and that he needed to go back to Mexico. Appellant bought the merchandise for $20.00 and then went to the pawn shop with some friends to try to sell it.

In addition to the written confession, Investigator Jackson testified that the appellant stated that he had thrown the purple currency out the window on the way to the police station. Jackson also testified that, in response to a question pertaining to his knowledge that the items were stolen, appellant replied, "If you bought all of this for $20.00, what would you think?"

Miguel Alcantar, an identification officer for the McAllen police department, testified that appellant and his friends were fingerprinted, but their fingerprints did not match those found at the Pressler home. Likewise, the evidence adduced at trial established that the police were unable to match the fingerprints taken at the scene and that they never discovered who burglarized Pressler's home.

---

**1.** The Yugoslavian currency was described as   unusual looking and purple in color.

The State also introduced the testimony of R.H. Barrera, the foreman of the grand jury that indicted appellant. Barrera testified that all he could remember about the case was that appellant had bought the stolen items from someone else. He further testified that they did not make inquiries into who that someone else might be. Barrera also testified that he could not remember if there were any leads, but normally if there were leads, the grand jury would request the district attorney's office to pursue them. He added that this practice was especially true of theft cases where there was another party involved.

On appeal, appellant contends that, in light of Barrera's testimony, the State failed to prove that the name and identity of the original thief was unknown to the grand jury, and that the grand jury used diligence to ascertain the name.

In *Polk v. State*, 749 S.W.2d 813, 816 (Tex.Crim.App.1988), the Court of Criminal Appeals held that an allegation that the initial thief's name and identity is unknown to the grand jury, must be proven by the State. The Court further held that the State must also prove the grand jury used diligence to ascertain the identity of the unknown thief. *Polk*, 749 S.W.2d at 817. However, the State need *only* prove the grand jury used diligence *when* the allegation that "the name of the person from whom the defendant received stolen goods was unknown" becomes an issue. *Id.* This allegation becomes an issue only when the evidence reveals that the original thief's identity later became known or was capable of being discovered. *Polk*, 749 S.W.2d at 817; *Payne v. State*, 487 S.W.2d 71, 74 (Tex.Crim.App.1972); *Villarreal v. State*, 752 S.W.2d 704, 705 (Tex.App.—Corpus Christi 1988, no pet.).

Where there is nothing developed at trial to suggest that the grand jury could have ascertained from whom a defendant received stolen property, there is a prima facie showing that the name of the thief was unknown to the grand jury; particularly, where it is shown that if the grand jury had been in possession of all the evidence developed at trial, it still could not have determined the identity of the thief. *Polk*, 749 S.W.2d at 817; *Cunningham v. State*, 484 S.W.2d 906, 911 (Tex.Crim.App.1972).

In the instant case, the evidence adduced at trial establishes a prima facie case that the name of the thief was unknown to the grand jury. Likewise, the evidence establishes that even if the grand jury had been in possession of all the evidence developed at trial, it could not have determined the identity of the thief.

Appellant admitted in his confession that he did not know the identity of the man from whom he bought the merchandise, and that he did not know who stole the merchandise. Furthermore, neither the fingerprints of the appellant nor those of his friends matched the set of fingerprints found at the Pressler home. More importantly, the evidence established that the police never discovered who stole the items from the Pressler home, and the record does not give any indication as to the identity of the original thief. The fact that the foreman of the grand jury could not remember the details of the procedures used in this case is not determinative of this appeal because such is simply a factor for the jury to consider. *Id.* at 818.

Since the original thief's identity remained unknown, the allegations that the identity of the thief was unknown to the grand jury was never put into issue. *Id.* Therefore, the State was not required to prove that the grand jury used diligence. Accordingly, appellant's three points of error are overruled.

The judgment of the trial court is AFFIRMED.