### Dan McKay v. The State.

#### No. 3272.     Decided December 13, 1905.

**1.—Theft of Cattle—Limitation.**

On trial for receiving stolen cattle, where the evidence showed that the transaction occurred in the year 1899, and that the indictment was presented in the year 1903, and that more than 3 years had intervened between the commission of the offense and the filing of indictment, the prosecution was barred by limitation.

**2.—Same—Indictment—Allegation that Party was Unknown to Grand Jury.**

Where an indictment for receiving stolen cattle alleged that the cattle were received from some one unknown to the grand jury, and the record showed that the counsel representing the State knew the name of such party and that the grand jury must have known or could have known the said name, the conviction could not be sustained as the evidence should sustain the allegations in the indictment.

Appeal from the District Court of Maverick. Tried below before Hon. B. C. Thomas.

Appeal from a conviction of receiving stolen cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for the appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of unknown party: Commonwealth v. Gallagher, 126 Mass., 54; Wharton Crim. Ev., sec. 97; McCarty v. State, 35 S. W. Rep., 994.

DAVIDSON, PRESIDING JUDGE.—The indictment contained a count for theft of cattle, and one for receiving the cattle after they were stolen. The count charging theft passes out of the case, because the court submitted only the count for receiving, and the conviction was under that count. The offense was barred by the statute of limitations at the time the indictment was presented. The State's case is that the cattle were stolen from J. A. Martin, who was holding same for Dull Bros., in 1899; were received the next day by appellant from the Taylors, who committed the theft, and shortly afterwards were sold by John Taylor to Bjorkman. All these transactions occurred in the year 1899. The indictment was presented by the grand jury of Pecos County on the 26th of March, 1903. Under our statute this offense is barred in three years after its commission.

There is another contention that we regard as fatal to the conviction. The indictment alleges the cattle were received from some one unknown to the grand jury. Without going into a detailed statement of the facts, this record makes it evident that the grand jury knew or could have known at the time of the presentment of the indictment, from whom appellant should have received the cattle, if the State's testimony can be believed. John Taylor had been convicted of the theft of these cattle and sent to the penitentiary. This was about the latter part of the year 1901, or early part of 1902; though this date does not appear accurately. While John Taylor was in the penitentiary, his father (R. M. Taylor) in order to secure his son's release from the penitentiary, went to I. H. Burney, Esq. (one of the counsel for the stock Association), and narrated practically the facts detailed in the evidence testified by himself and son against appellant. The son was pardoned from the penitentiary, and the indictment was not returned against appellant until in March, 1903. Without the evidence of the Taylors, who turned State's evidence under this agreement, there would be no case

against appellant. They testified that appellant induced them to steal cattle, entered into a conspiracy with appellant to the effect that they did go to the Dull Ranch, steal the cattle out of the pasture, and brought them to appellant's ranch, where they met appellant and put them into appellant's brand, and subsequently disposed of them. Witness Martin and Burney knew of these facts. It is made evident that this indictment was returned in accordance with the agreement made between R. M. Taylor and Burney and that the release of John Taylor from the penitentiary was secured on the statement made by Taylor to Burney. So, without going further into a detail of the evidence, it is made to appear that these facts were known to the grand jury or could have been known with the slightest diligence. This was the State's case, and it was evidence upon which the State was bound to rely, with such corroboration as could be secured, to obtain a conviction. There is no evidence in the record, showing or tending to show that the grand jury was unaware of these facts; and while, perhaps, it might be a presumption that the grand jury did not know of these facts, in the absence of any testimony at all on the subject, yet the evidence here, we think, is too clear to indulge any such presumption, even if it be conceded that such presumption could be indulged. Since Perkins' case, 45 Texas, 10, the law in this State has been that the name of the party from whom the stolen property is received, must be stated in the indictment. This question was also decided by this court in Brothers v. State, 22 Texas Crim. App., 447. It is also the law in this State, by a long line of decisions that if the grand jury knew or could have known the name of the party from whom the property was received, the conviction cannot be sustained upon an allegation in the indictment that the name of such party was unknown to the grand jury. It is also the settled law that the evidence on the trial must meet the allegations of the indictment. Having alleged that the name of the person from whom appellant should have received the property was unknown, the evidence should sustain the allegation. It may have been sufficient, however, if the State had shown that the grand jury had used reasonable diligence to ascertain the name and had failed, that then the State would not be required to prove the name unknown. It would have been sufficient to prove the fact that they had used reasonable diligence and had failed to obtain such name. But as before stated, the evidence makes it apparent that the grand jury either knew or could have known by the slightest diligence the person from whom appellant received the property.

The count charging theft having passed out of the indictment, and the conviction being obtained under the second count, this offense was barred at the time of the presentment of the indictment. Theft is barred in five years; and receiving stolen property in three years. Because the offense was barred by limitations, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*