## JOHN WILLIAMS v. STATE.

### No. 2287. Decided February 19, 1913.

**1.—Theft—Receiving Stolen Property—Misdemeanor—Charge of Court.**

Where there are two theories made by the evidence, one by the State, that the alleged stolen property was over the value of $50, and one by the defendant that it was under the value of $50, the failure of the court to submit misdemeanor theft or the receiving of property under the value of $50 was reversible error.

**2.—Same—Indictment—Grand Jury—Unknown Fact—Variance.**

Where the indictment alleged that the defendant received the alleged stolen property from some person to the grand jurors unknown, and the evidence showed that the grand jury knew or could have known from whom defendant received the property, the variance was fatal. Following Jorasco v. State, 6 Texas Crim. App., 238, and other cases.

Appeal from the District Court of Harrison. Tried below before the Hon. H. T. Lyttleton.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Y. D. Harrison* and *Geo. J. Ryan,* for appellant.—On question of court's charge on value of property: Barnes v. State, 44 S. W. Rep.,

491; Thomas et al v. Sanders, 150 S. W. Rep., 768; Ross v. State, 10 Texas Crim. App., 455; White v. State, 13 id, 259; Ezzell v. State, 29 id, 521; Wills v. State, 40 Texas, 70; Cannon v. State, 18 Texas Crim. App., 172.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment contained two counts,—one charging theft of 576 pounds of scrap brass of the value of fifty-one dollars. The second charged appellant with receiving the same brass from some person to the grand jurors unknown, and that he did also fraudulently conceal the property, after having received, or acquired it, from some person to the grand jurors unknown, etc.

The court submitted the second count, to wit: receiving and concealing stolen property. The evidence for the State shows that the property was worth 11½ and 12 cents per pound, and as the first witness testified, $60 or $70. The defendant testified that Mr. Applebaum bought that character of stuff in Marshall and it was worth 5 cents per pound; that that was the amount Mr. Applebaum paid for that character of stuff. This is the evidence in substance on that question.

The court charged the jury generally that if they believed appellant received the 576 pounds of brass, he would be guilty and the jury should convict and send him to the penitentiary. There isn't anything further in the charge as to the value. Objection was urged that the court did not submit misdemeanor theft or the reception of property under the value of $50. This was set up in the motion for new trial and specifically pointed out. It is unnecessary to state the grounds set up in the motion. The matters are sufficiently presented to require consideration. This contention of appellant is correct. There were two theories made by the evidence, the State's contention that the property was worth 11½ and 12 cents, or $60 or $70, that by the defendant it was worth 5 cents and sold in the market at 5 cents. The issue was presented and the court erred in not submitting it to the jury. For this reason the judgment must be reversed.

There is another question of serious moment in the case, but barely, if at all, urged in the motion for new trial. Inasmuch as the judgment must be reversed for the reasons above stated, attention is called to the fact that there is a variance between the allegations and the evidence. It is alleged in the indictment that appellant received the property from some person to the grand jurors unknown. The evidence discloses that on the night appellant was arrested with the property in his possession, the officers knew,—and the evidence all shows that appellant received the property from Roy Williams. If the statement of facts shows any one thing clearly, it is that fact. The grand jury with these witnesses before them knew from whom appellant received the brass, or could have known, because several if not all the witnesses, who had anything to do with appellant that night,

testified that they so knew. The grand jury were not justified in indicting him for receiving stolen property from some person unknown to them. They knew from the testimony that appellant received it from Roy Williams. All the officers who testified in this case, as well as defendant, whose statement was taken before the grand jury, show that they knew it, and not only so, but the conviction was predicated upon the evidence of these officers and the statement of the defendant. Jorasco v. State, 6 Texas Crim. App., 238, and all subsequent cases to date.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*