JOE KAHANEK v. THE STATE.

No. 4850. Decided February 13, 1918.

1.—Receiving Stolen Property—Names of Parties Injured—Charge of Court—Rule Stated

The rule is, that in prosecutions for receiving stolen property, the name or names of parties from whom the accused received the stolen property must be alleged and proved as alleged, or the variance is fatal, and where the indictment alleged that the defendant fraudulently received such property from two parties named in the indictment, a charge of the court that the jury could find a verdict of guilty if one of these was proved, is reversible error. Following Franklin v. State, 53 Texas Crim. Rep., 547, and other cases.

2.—Same — Charge of Court — Concealing Stolen Property — Verdict— Jeopardy.

Where defendant was indicted, both for receiving and concealing stolen property, and the court submitted the count on receiving and not on both phases of the indictment, and the verdict which was rendered could apply as well to one count as to the other, the same was not in proper form. Question of jeopardy not passed upon.

Appeal from the District Court of Lavaca. Tried below before the Hon. M. Kennon.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years in the county jail, and a fine of five hundred dollars.

The opinion states the case.

*Schwartz & Bagby,* for appellant.—On question of name of injured party: State v. Perkins, 45 Texas, 10, and cases cited in opinion.

On question of omitting a charge on concealing stolen property: Stroggins v. State, 43 Texas Crim. Rep., 605; Lovejoy v. State, 40 id., 89; Roberts v. State, 33 id., 83.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of name of injured party: Terry v. State, 62 Texas Crim. Rep., 73; Scott v. State, 46 id., 305; Nite v. State, 41 id., 340; Alderson v. State, 2 Texas Crim. App., 10.

DAVIDSON, Presiding Judge.—Appellant was charged with receiving stolen property from George Clark and Joe Haffernik, which property was alleged to belong to J. A. Nachlinger.

The theory of the prosecution, as evidenced by the allegation in the indictment, was that Nachlinger owned a buggy and Clark and Haffernik stole it and sold it to appellant, and that the evidence would justify the jury in finding that appellant at the time he bought it or received it knew it was stolen property.

The court charged the jury, over appellant's exception duly reserved, that if defendant fraudulently received from George Clark and Joe Haffernik, or from George Clark alone, the buggy mentioned in the indictment, and same had been theretofore acquired from J. A. Nachlinger by the said George Clark and Joe Haffernik, or by George Clark alone, in such manner as to constitute theft thereof, etc., they would find him guilty of receiving stolen property. We are of opinion that appellant's exception to this phase of the charge is well taken. It is necessary in indictments charging this offense to name the parties from whom the stolen property was received by the accused if the names are known, and if not, the grand jury would be justified in alleging that the names of the parties from whom the property was received were unknown to that body. The authorities seem to be practically unanimous on both propositions. Since the rendition of Perkins v. State, 45 Texas, 10, the jurisprudence has been harmonious to the effect that the names of the parties from whom the accused received the stolen property must be stated. There are quite a number of these cases which will be found collated in Mr. Branch's Annotated Penal Code, pages 1366-1367. Specifically, we might mention Brothers v. State, 22 Texas Crim. App., 447; McKay v. State, 49 Texas Crim. Rep., 118; Franklin v. State, 53 Texas Crim. Rep., 547. In the instant case the grand jury alleged directly and affirmatively that appellant received the property from the two named parties. In order, then, to convict, it was necessary for the State to meet these allegations with appropriate evidence, otherwise the State's case would fail. In this respect it is somewhat analogous in alleging ownership in a theft case. Wherever descriptive averments are made, whether necessary or not, the proof must meet these aver-

ments. But it is the law as announced by the decisions that the allegation of the names of the parties from whom the property is received is necessary. It is an element of description that can not be set aside, and it is the universal rule that all necessary allegations must be met by corresponding evidence. Appellant's exception, therefore, to that portion of the charge where it authorized a conviction if the jury should find appellant received the property alone from Clark, is well taken. It was necessary on this phase of the case for the evidence to show that he received it from both parties. The law holds such allegations are necessary and not to be dispensed with, therefore, the evidence must correspond to meet such allegation. Tucker v. State, 23 Texas Crim. App., 512; Williams v. State, 69 Texas Crim. Rep., 163, 153 S. W. Rep., 1136; Meek v. State, 71 Texas Crim. Rep., 433.

There is another question in the case which will hardly occur upon another trial. The court submitted alone the question of receiving stolen property, the indictment containing averments he received and concealed the property. The court submitted alone the reception of the property and not the concealing. While the verdict is general, yet it seems this could apply as well to that count not submitted to the jury as to the other. The evidence is not as clear and forceful as it might be upon that phase of the indictment. It is true he bought the buggy from the named parties and paid them for it, and there are subsequent facts indicating if he did not know then he learned afterward that the buggy was not honestly acquired. If he did not know at the time he received it that it was dishonestly acquired, he would not be guilty of fraudulently receiving the property, but if subsequently he ascertained that the property was stolen, and after so finding concealed it with a fraudulent design, he might be guilty under that phase of the indictment. We mention this so that upon another trial if the matter becomes an issue in the case the verdict will be made to correspond with the facts of the case submitted by the court. We are not here passing or undertaking to pass on any probable complications that might arise by virtue of any question of jeopardy.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*