## B. W. MAYFIELD V. THE STATE.

### No. 6471.　Decided November 23, 1921.

**Receiving Stolen Property—Name of Person Unknown.**

Where, upon trial of fraudulently receiving stolen property, the indictment alleged that the person from whom the property was received was unknown to the grand jury, but the State introduced no testimony to show that the grand jury made any investigations concerning said name, and it was made affirmatively to appear from the record on appeal that knowledge was available to the grand jury; that defendant claimed he had received said property from a certain party at the time of his arrest, etc., the judgment must be reversed and the cause remanded. Following Jorasco v. State, 6 Texas Crim. App., 238, and other cases.

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of receiving stolen property fraudulently. Penalty, three years imprisonment in the penitentiary.

*Mays & Mays,* for appellant.—Cited: Trinkle v. State, 225 S. W. Rep., 755; Harper v. State, 227 id., 190, and cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for fraudulently receiving stolen property; punishment fixed at confinement in the penitentiary for a period of three years.

The indictment contains three counts: one charging appellant with theft of property from one J. J. Thompson; one charging him with theft of property from Tom Murray; and one charging him with fraudulently receiving property from some person whose name was unknown to the grand jury.

It is upon the last-named count that the conviction rests. It is necessary in the indictment to name the person from whom the property was received unless his name is unknown, in which event the indictment may charge that the name is unknown, but upon the trial the burden is upon the state to prove that the name of the person from whom the property was fraudulently received was, in fact, unknown to the grand jury.

When found by the sheriff in possession of the stolen property, appellant claimed to have received it from one Peak. This was before the indictment was found. Appellant also claimed that Peak had given him a bill of sale for the car and at the time exhibited the bill of sale to the officers and put it in their possession. Peak, who was present, was also arrested, and one of the state's theories was that the appellant acted together with Peak in the theft of the car. The jury rejected this theory and convicted appellant of receiving the property.

Appellant testified upon the trial that he received the property from Peak and claims to have received it without knowledge that it was stolen. The bill of sale which Peak had made to the appellant before the arrest and which remained in possession of the officers from the inception of the prosecution was introduced in evidence as was also the testimony of the notary who wrote the bill of sale and before whom Peak signed it. The state introduced no testimony to show that the grand jury made any investigation concerning the name of the person from whom the appellant had received the property, and as we understand the authorities, the judgment must be set aside for the reason that it is made to affirmatively appear that knowledge was available to the grand jury that appellant claimed to have received the property from Peak and was, at the time of his arrest, in possession of the bill of sale to it, and further because of the complete absence of testimony showing that the grand jury made any effort to ascertain or was, in fact, without knowledge of the name of the person from whom the appellant had received the stolen property. Jorasco v. State, 6 Texas Crim. App., 238; Cock v. State, 8 Texas Crim. App., 665; Williamson v. State, 13 Texas Crim. App., 514; Brewer v. State, 18 Texas Crim. App., 456; Atkinson v. State, 19 Texas Crim. App., 462; Langham v State, 26 Texas Crim. App., 539; Yantis v. State, 144 S. W. Rep., 950; Puryear v. State, 28 Texas Crim. App., 75; Kimbrough v. State, 28 Texas Crim. App., 367; Shockley v. State, 38 Texas Crim. Rep., 458; Trinkle v. State, 88 Texas Crim. Rep., 235, 225 S. W. Rep., 755;

Harper v. State, 88 Texas Crim. Rep. 354, 227 S. W. Rep. 190; Kahanek v. State, 83 Texas Crim. Rep. 19, 201 S. W. Rep. 994.

From what has been said, it follows that the judgment must be reversed and the cause remanded.

*Reversed and remanded.*