## A. B. CARLISLE V. THE STATE.

No. 17963. Delivered April 22, 1936.

The opinion states the case.

*John N. Snell, Kenneth H. Aynesworth, Jr.,* and *King C. Haynie,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is uttering and using a forged deed; the punishment, confinement in the penitentiary for ten years.

It was alleged in the indictment, in substance, that appellant uttered and used the forged deed by exhibiting a photostatic copy thereof to divers persons whose names were to the grand jury unknown. Upon the trial the witnesses to whom a photo-

static copy of said deed had been so exhibited testified for the State. The evidence fails to show that appellant exhibited said copy to any person or persons, except the witnesses who testified for the State that he had exhibited same to them. No grand juror was called to testify that the names of the parties to whom the copy was exhibited were unknown and that they could not be ascertained by the exercise of reasonable diligence. The record warrants the conclusion that the names of said parties were known to the grand jury at the time the indictment was returned.

In Wool v. State, 201 S. W., 1002, this court said:

"It is only where the same (name) is not known and can not be ascertained by reasonable diligence that the allegation of an unknown owner or party is permitted."

In Ireland v. State, 272 S. W., 182, this court, speaking through Judge Lattimore, used language as follows:

"It is urged that there is no testimony supporting the allegation in the indictment that the property was received by appellant from a person whose name was unknown to the grand jury. Examining the facts, we observe that no grand juror was used to testify that the name of the person from whom appellant received the property, alleged to have been stolen, was unknown to that august body, or that any sort of effort was made by them to ascertain the name of such person. Nor did any other witness testify that said name was not known to said grand jury. Three, of the four witnesses who testified for the State on this trial, said they were not before the grand jury. The fourth merely said that he was before the grand jury, but made no statement relative to any effort on their part to find out if he knew the name of the person from whom appellant received the alleged stolen property. This court has never gone further on this point than in the Yantis case, 65 Texas Crim. Rep., 564, 144 S. W., 947, in which, after reviewing the authorities, it was announced that circumstantially the State had shown that the name of the person from whom appellant received the alleged stolen property was unknown to the grand jury. In said case, in addition to other facts more strongly than here supporting the proposition that such name was unknown to the grand jury, the State introduced the foreman and offered to prove by him that said grand jury made diligent effort and search to ascertain the name of the party from whom the property was stolen. The proposition seems well supported in this state that by some sufficient proof the plea in the indictment that the party's name was unknown to

the grand jury should be supported. Moseley v. State, 36 Texas Crim. Rep., 578, 37 S. W., 736, 38 S. W., 197; Henningberg v. State (Texas Crim. App), 72 S. W., 175; McKay v. State, 49 Texas Crim. Rep., 120, 90 S. W., 653; Williams v. State, 69 Texas Crim. Rep., 163, 153 S. W., 1136; Moore v. State, 84 Texas Crim. Rep., 256, 206 S. W., 683."

From 23 Texas Jur., p. 688, we take the following:

"An allegation that the name of the victim of the crime or some other description essential to the charge is unknown to the grand jury is not supported by proof that such matter was known or could have been ascertained by them with ordinary diligence when the indictment was found."

Under the decisions, we are constrained to sustain appellant's contention that the failure of the State to support the allegation in question necessitates a reversal of the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.