## ALEXANDER CANALES V. THE STATE.

No. 23077. Delivered March 21, 1945.
Rehearing Denied April 25, 1945.

The opinion states the case.

*William H. Scott* and *King C. Haynie,* both of Houston, for appellant.

*A. C. Winborn,* Criminal Districut Attorney, and *L. J. Clayton, James G. Davis,* and *E. T. Branch,* Assistant Criminal District Attorneys, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is unlawfully receiving and concealing stolen property. The punishment assessed is confinement in the state penitentiary for a term of eight years.

Appellant brings forward six complaints and asserts that each constitutes reversible error. His main complaint is that there is a fatal variance between the allegation in the indictment and the proof in support thereof.

It is charged in the indictment, omitting the formal parts thereof, "that Alexander Canales, on or about the 26th day of August, A.D., 1944, in said county and state, did fraudulently receive from Jose Urdalez and E. P. Leal, and did fraudulently conceal certain corporeal personal property belonging to I. D. Wallace, and which said property had theretofore been acquired by the said Jose Urdalez and E. P. Leal, from whom it was so received and so concealed, in such manner as that the acquisition thereof comes within the meaning of theft, etc." This is followed by a description of the property.

It will be noted that the averment in the indictment is to the effect that Urdalez and E. P. Leal stole the property alleged to have been received by appellant from them and then concealed it. The State called one, Luciano Cedillo, as a witness, who testified that he stole the property in question and was convicted for the theft thereof. There is not any evidence which shows that Urdalez and Leal had any connection with the original theft of the property or received any part of it or any part of the proceeds of the sale thereof. Consequently there is a variance between the allegation and the proof in support thereof. The State takes the position, however, that since it is not necessary to charge who stole the property alleged to have been received and concealed, such allegation may be treated as surplusage and therefore it was not necessary to prove it. The State

cites us to some adjudicated cases of other jurisdictions which seem to sustain its position, but we have not been cited to any case, nor have we found any case by this court sustaining its contention. However, we do find cases decided by this court which contain expressions to the contrary.

In the case of Jenkins v. State, 119 Tex. Cr. R. 617, the charging part of the indictment is in language similar to that used in the instant case and this court, in its opinion in that case, said:

"Under this count in the indictment, it is necessary for the state to not only show that the said Calvin Bush was the person who committed the theft of the cattle, but also that the appellant received said cattle from said Calvin Bush knowing the same to be acquired by theft."

To the same effect is the holding of this court in the case of Murphy v. State, 95 S. W. (2d) 133, and also the holding of the Supreme Court of Illinois in the case of Huggins v. People, 135 Ill. 243.

In Bishop's New Crim. Proc., Vol. 2, p. 393, sec. 483, the rule is stated as follows:

"To avoid a variance—not always can surplusage be rejected. * * * For Receiving Stolen Goods,—the indictment need not state the name of the thief, but if it does, the evidence must correspond with the allegation."

While it is true that in cases of receiving and concealing stolen property the indictment need not charge who committed the theft, nevertheless, it is necessary to charge that the property so received and concealed had been theretofore stolen, because there cannot be any unlawful receiving and concealing of property unless it had been stolen. Consequently, it is essential to plead and prove that the property had theretofore been stolen. But if the pleader goes further than is necessary by particularly averring who committed the theft, then he is required to prove it as charged. Such is the general rule.

In view of the fact that we are reversing this case, we deem it unnecessary to discuss any of the other complaints.

From what we have said it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The State stresses its contention that, although it was not necessary that the indictment allege the names of those who stole the property, such allegation in the instant indictment was surplusage and could therefore be disregarded in so far as requiring the State to establish such allegation by proof.

In support of its position, the State cites the New York case of People v. Caswell, 21 Wendell 86, and the South Dakota case of State v. Pirkey, 118 N. W. 1042, which directly support that position.

The State also recognizes that this Court in the cases of Jenkins v. State, 119 Tex. Cr. R. 617, 44 S. W. (2d) 706, and Murphy v. State, 130 Tex. Cr. R. 610, 95 S. W. (2d) 133, has adopted the contrary view, to the effect that where the State unnecessarily alleges the name of the thief in an indictment charging receiving and concealing stolen property, it must, in order to convict, sustain that allegation by proof.

The distinction between the two holdings lies in the fact that one construes such allegation as surplusage, while the other construes it as descriptive of the offense.

We remain convinced of the correctness of our position because the allegation of the name of the thief was descriptive of the essential allegation that the property had been stolen.

The State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.