Richard William PAYNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44459.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

See also Tex.Cr.App., 477 S.W.2d 581.

---

Charles W. Tessmer, Ronald L. Goranson, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of receiving and concealing stolen property of a value over fifty dollars; punishment was assessed by the court at five years.

At the outset, appellant contends there is a fatal variance between the allegation in the indictment and the proof in support thereof.

The indictment avers that appellant received the stolen property "from a person to the Grand Jurors unknown." Appellant argues that the evidence shows that the name of the person from whom the property was received was known to the police, the district attorney, and to the only witness who testified before the Grand Jury; and that the Grand Jury did not exercise reasonable diligence in its effort to ascertain the name.

■ The rule has long been established in Texas that it is necessary, in indictments charging this offense, to name the person from whom the stolen property was received by the accused if known. State v. Perkins, 45 Tex. 10 (1876). And if not known, the indictment may so charge, but the burden will be on the state to prove the name was unknown and that the Grand Jury exercised reasonable diligence in their effort to ascertain the name. If it appears that the knowledge was available to the Grand Jury from which the name could be determined, and the evidence is insufficient to show that the Grand Jury exercised reasonable diligence in its effort to ascertain the name, the conviction must be reversed. Manley v. State, 138 Tex.Cr.R. 379, 136 S.W.2d 613; Hunnicutt v. State, 131 Tex.Cr.R. 260, 97 S. W.2d 957; Mayfield v. State, 90 Tex.Cr.R. 315, 234 S.W. 885; Kahanek v. State, 83 Tex.Cr.R. 19, 201 S.W. 994; Williams v. State, 69 Tex.Cr.R. 163, 153 S.W. 1136; McKay v. State, 49 Tex.Cr.R. 118, 90 S.W.

653; Langham v. State, 26 Tex.App. 533, 10 S.W. 113; Brothers v. State, 22 Tex. App. 447, 3 S.W. 737.

Since it is undisputed that the Grand Jury did not know the name of the supplier of the stolen goods, the question upon which this appeal must turn is whether the Grand Jury, by the exercise of reasonable diligence, could have ascertained the supplier's name.

The record reflects that in a written statement, Marvin Reeves confessed to the burglary of the residence of W. C. Boedeker, from which was taken the property involved in the offense for which appellant was convicted. At trial, Reeves admitted committing the Boedeker burglary and identified the State's Exhibits 1–5 as those items taken from the Boedeker residence. He stated that he was arrested on January 8, 1968, and that he told Officer Van Cleave that he sold the property to the appellant.

Officer Van Cleave testified that after having this conversation with Reeves, he obtained a search warrant, searched appellant's house, and found the property Reeves had taken from the Boedeker residence. On cross-examination, Van Cleave, the only witness who appeared before the Grand Jury, testified that at the time he appeared before the Grand Jury he knew Reeves had confessed to the Boedeker burglary and that Reeves had stated that he sold the stolen property to appellant.

Roy Jacoby, Foreman of the Grand Jury that indicted appellant, testified that no one on the Grand Jury knew the name of the person from whom appellant allegedly received the stolen property. He stated that they knew that the police did not consider appellant a burglar, but that he was probably a "fence." Explaining why the Grand Jury did not ask Van Cleave the name of the person from whom the property was received, Jacoby said:

"The volume of work that we have, the Grand Jury itself cannot go out and investigate these cases. They've got to rely on the people that are working to this end and they have investigators. We've got to have confidence in the people we are dealing with. They're bringing the facts to us. We cannot go out and investigate every little thing. * * * Actually, we have to rely on these people. They've done a good job for us, we think, and when we get ready to sign the indictment, I've got to feel like that it's something that hasn't been —no change in the facts or we would have been made aware of it. When I sign the indictment, I've got to have confidence that every effort has been made to bring these into light."

The assistant district attorney assigned to the Grand Jury stated that it would be a logical, lawyer-like question to ask who the thief was if told that the accused party was probably a "fence", not a burglar. Nevertheless, the record shows that such question was never asked.

In Williams v. State, supra, this court stated:

"It is alleged in the indictment that appellant received the property from some person to the grand jurors unknown. The evidence discloses that, on the night appellant was arrested with the property in his possession, the officers knew, and the evidence all shows, that appellant received the property from Roy Williams. If the statement of facts shows any one thing clearly, it is that fact. The grand jury, with these witnesses before them, knew from whom appellant received the (stolen property), or could have known, because several, if not all, the witnesses who had anything to do with appellant that night testified that they so knew. The grand jury were not justified in indicting him for receiving stolen property from some person unknown to them."

In McKay v. State, 49 Tex.Cr.R. 118, 90 S.W. 653, this court reversed a conviction for receiving and concealing and stated:

". . . It is also the law in this state, by a long line of decisions, that if the

grand jury knew, or could have known, the name of the party from whom the property was received, the conviction cannot be sustained upon an allegation in the indictment that the name of such party was unknown to the grand jury. It is also the settled law that the evidence on the trial must meet the allegations of the indictment. Having alleged that the name of the person from whom appellant should have received the property was unknown, the evidence should sustain the allegation. * * * the evidence makes it apparent that the grand jury either knew, or could have known by the slightest diligence, the person from whom appellant received the property."

■ Implicit in the decisions of this court is the requirement that the grand jury at least ask the name of a person before stating in their indictment that the person is unknown. For example, in Yantis v. State, 65 Tex.Cr.R. 564, 144 S.W. 947, at page 950, this court stated:

". . . The indictment must have been found upon the testimony of some, if not all, of these witnesses; and, if so, the grand jury could have found out the name of the owner by simply asking it. Under such circumstances, they should have sought and obtained the information."

■ The law is settled that an allegation that the name of a person connected with the offense was unknown to the grand jury must be supported by sufficient proof. And where this allegation becomes an issue on the trial, the proof must show that the grand jury used due diligence to ascertain the unknown name. See 30 Tex. Jur.2d, Indictment and Information, Section 61, p. 643.

■ The recent case of Ansley v. State, Tex.Cr.App., 468 S.W.2d 862 (1971) reaffirms this court's position. Therein it is stated:

"We conclude that the name of the person from whom the property was received by appellant was in fact unknown to the Grand Jury *and that they used reasonable diligence to ascertain the same*." (Emphasis supplied)

Reasonable diligence was concluded in *Ansley* only after it was found that a member of the grand jury inquired of the investigating officers and they were unable to supply the name. See also, Cunningham v. State, Tex.Cr.App., 484 S.W.2d 906.

■ The state contends that the quality and quantity of the information in possession of Officer Van Cleave when he appeared before the grand jury would not have been sufficient to justify an allegation in the indictment that Reeves was the person from whom appellant received the stolen property; thus, the grand jury's failure to ask a question for which the witness had no satisfactory response does not constitute a lack of diligence. In support of this argument, the state points out that although Van Cleave knew of Reeves' confession, he had not actually "taken" the confession.

The record reflects that Van Cleave talked with Reeves at the police station on January 8, 1968, and that Reeves told him he burglarized the Boedeker residence and sold the property theretaken to appellant. Van Cleave appeared before the grand jury on January 14, 1968. The fact that Van Cleave did not personally take the statement from Reeves is immaterial; he admitted that at the time he appeared before the grand jury he knew of the contents of the statement and knew that Reeves delivered the property to appellant.

The state argues that it is not necessary to allege the name of the supplier, that such an allegation is surplusage and a variance relating thereto would be immaterial and harmless. The argument is based on the premise that the identity of the supplier is unnecessary. However, "[s]ince the rendition of State v. Perkins, 45 Tex.

10, the jurisprudence has been harmonious to the effect that the names of the parties from whom the accused received the stolen property must be stated." Kahanek v. State, 201 S.W. at page 995. See also, e. g., Brothers v. State, 22 Tex.App. 447, 3 S. W. 737; McKay v. State, supra; Franklin v. State, 53 Tex.Cr.R. 547, 110 S.W. 909.

Finally, the state argues that the underlying justification for the requirement of stating the name of the person from whom the accused received the stolen property is invalid. For this proposition, the state relies on the Tennessee case of Cobb v. State, 201 Tenn. 676, 301 S.W.2d 370 (1957). There the court held that the name of the supplier was not essential to a description of the offense. Rejecting a similar argument in Canales v. State, 148 Tex.Cr.R. 318, 186 S.W.2d 823, this court stated:

> "The distinction between the two holdings lies in the fact that one construes such allegation as surplusage, while the other construes it as descriptive of the offense.

> "We remain convinced of the correctness of our position because the allegation of the name of the thief was descriptive of the essential allegation that the property had been stolen."

See also, e. g., Murphy v. State, 130 Tex. Cr.R. 610, 95 S.W.2d 133; Jenkins v. State, 119 Tex.Cr.R. 617, 44 S.W.2d 706.

The law in Texas is that the grand jury must use reasonable diligence to determine the name of the person from whom stolen property is received. The record in the instant case reveals that such was not done.

In view of the disposition of the case on this ground of error, the other grounds will not be discussed.

The judgment is reversed and the cause remanded.