**Raymond JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49339.**

Court of Criminal Appeals of Texas.

Feb. 12, 1975.

Rehearing Denied April 9, 1975.

Marvin Odell Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Ned Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ARCHIE BROWN, Commissioner.

The conviction is for receiving and concealing stolen property; the punishment, two years' imprisonment.

Appellant complains that a fatal variance exists between the indictment and the proof in that the indictment alleges that appellant received the property "from person or persons unknown," when the evidence shows that the grand jury knew the name of such person or could have ascertained it by reasonable diligence. See Cunningham v. State, Tex.Cr.App., 484 S.W.2d 906.

We agree.

Detective Grubbs of the Houston Police Department, who did the follow-up investigation of the stolen property (112 cases of liquor), testified that had he been called by the grand jury as a witness he would have told its members that the appellant received the liquor from Wade Taylor.

Hughes, the victim of the theft, testified that "he [appellant] told us all there he had bought the whiskey through Wade Taylor. He told the Liquor Control Board the same."

Bill Roland, an inspector for the Alcoholic Beverage Commission, testified that appellant indicated he purchased the liquor from Wade Taylor.

Nina Woodall, who was working at appellant's liquor store the day the liquor was received, testified that Wade Taylor made the delivery.

Appellant also testified that he told the investigating officers that "here is the inventory I got from Wade Taylor."

There is no indication that the grand jury called any of these people as witnesses during the course of its investigation. The grand jury did have before it the statement of Wade Taylor, who was indicted for the theft of the liquor during the same term. D. W. Johnston, a member of the grand jury, testified on cross-examination that he did not "recall reading the statement," and doubted if he had read it.

If it appears that the knowledge was available to the grand jury from which the name could be determined, and the evidence is insufficient to show that the grand jury exercised reasonable diligence in its effort to ascertain the name, the conviction must be reversed. Payne v.

State, Tex.Cr.App., 487 S.W.2d 71; May-field v. State, 90 Tex.Cr.R. 315, 234 S.W. 885; McKay v. State, 49 Tex.Cr.R. 118, 90 S.W. 653.

■ There is no evidence of a reasonably diligent inquiry on the part of the grand jury into the identity of the "person or persons unkown." We feel certain that such an exercise would have revealed the identity of the person from whom the stolen property was received.

In view of our disposition, we need not consider appellant's other grounds of error.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.