Stanley A. CHIMELEWSKI, Appellant,

v.

STATE of Texas, Appellee.

No. B14–83–065–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 26, 1984.

Robert C. Hunt, Houston, for appellant.
Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a conviction for gambling promotion. After a not guilty plea and a bench trial, the court found appellant guilty. Then the court granted appellant's Motion to Reduce Third Degree Felony to Misdemeanor Conviction and assessed punishment at three days confinement in the Harris County Jail and a $1000 fine. We affirm.

After obtaining a search warrant, Officer W.C. Felder and several other officers entered appellant's apartment. Scattered about were numerous betting slips, "line" sheets, and other gambling related materials. Two males, appellant and a man named Timothy Reagan, were present. The officers arrested appellant.

During the search of the apartment, one of the officers, D.W. Smith, placed a recording device on one of the telephones there. Smith soon received and recorded a call from a person who asked for Stan, discovered Stan was out, identified himself as "Casey," and then proceeded to ask Officer Smith numerous questions. Those questions included the following: (1) "Are

you—do you have the deal there in front of you?" (2) "What do you got there—starting with the National League?" (3) "They're (San Francisco and the Mets) already gone?" (4) "The Padres are gone?" and (5) "Do you know who on the other side Forsch is?"

Appellant presents four grounds of error. In his first ground he alleges error in the trial court's overruling his motion to suppress evidence, betting paraphernalia, obtained as a result of the search warrant.

Appellant contends that the underlying affidavit in support of that search warrant was insufficient to establish probable cause. He argues that the recent case of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) changed the constitutional standards for search warrants such that his Motion to Suppress Evidence made prior to then should have been granted. We recognize that *Illinois v. Gates* changed the standard of review from the two-pronged test outlined in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *Illinois v. Gates* relaxes the requirements needed before a search warrant can be issued. *Illinois v. Gates* substituted the "totality of circumstances" test, acknowledging "[P]robable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates, supra*, 103 S.Ct. at 2328. The Texas Court of Criminal Appeals confirmed this state's reliance upon the new "totality of circumstances" test in *Hennessy v. State*, 660 S.W.2d 87 (Tex.Crim.App. 1983). In examining all of the circumstances underlying the issuance of the search warrant, we conclude that there was probable cause for its issuance.

■ The affiant had information from two reliable confidential informants that appellant was engaged in placing bets on baseball and basketball games. The affiant performed surveillance at the apartment in question and recognized appellant from his driver's license picture.

We overrule appellant's first ground of error.

By ground of error number two appellant contends there was a fatal variance between the allegations contained in the indictment and the evidence presented during the trial. The indictment, in pertinent part, charged that appellant did

intentionally and knowingly receive and record a bet and offer to bet from a person who's [sic] betting number is 500 and *who's [sic] true name and identity is unknown* to the Grand Jury on a sporting event, namely, a baseball game played on May 6, 1982 between the Los Angeles Dodgers and the Montreal Expos. [emphasis added].

■ Appellant argues that the Grand Jury's failure to make any effort to ascertain the name of Number 500 proved that the Grand Jury failed to exercise reasonable diligence in such effort, requiring a reversal of the conviction. Appellant relies on *Payne v. State*, 487 S.W.2d 71 (Tex. Crim.App.1972). There the conviction was reversed because the evidence showed the Grand Jury had not exercised reasonable diligence in attempting to determine the name of the person from whom the defendant had received stolen property. In *Payne* the evidence showed that the only witness who appeared before the Grand Jury knew the name of the person from whom the defendant had received the stolen property. The court stated that "the question upon which this appeal must turn is whether the Grand Jury, by the exercise of reasonable diligence, could have ascertained the supplier's name." The Grand Jury's failure to ask the one witness who appeared before it to give the name of the supplier was held to prove failure to exercise reasonable diligence to ascertain that name. *Payne* is distinguishable from the case at bar. Police Officer Smith testified at trial that he participated in the investigation, he did not know the name of No. 500, appellant's apartment was searched without success for documentation that would

furnish the name of No. 500, and the only two people in a position to know the name of No. 500 were the appellant and the person using the code number. In our opinion this evidence shows that the Grand Jury could not have ascertained the name of No. 500 even if it had asked for it or otherwise affirmatively sought to obtain it. On these facts we hold that ground of error two has no merit and it is overruled.

In ground of error three appellant complains that the admission of appellee's Exhibit 16, a tape recording of two persons telephoning appellant's apartment to obtain betting information, constituted reversible error. Appellant notes the predicate for the admission of a tape recording as set forth in *Edwards v. State*, 551 S.W.2d 731 (Tex.Crim.App.1977).

1. A showing that the recording device was capable of taking testimony;
2. A showing that the operator of the device was competent;
3. Establishment of the authenticity and correctness of the recording;
4. A showing that changes, additions, or deletions have not been made;
5. A showing of the manner of the preservation of the recording;
6. Identification of the speakers; and
7. A showing that the testimony elicited was voluntarily made without any kind of inducement.

Appellant would have us hold that admission of the tape recording did not comport with that predicate as there supposedly had been additions to the tape.

The tape recording was of a telephone conversation between Officer Smith and a person named Casey. Smith participated in the execution of the search warrant in appellant's apartment. He was also the one who attached the recording device to one of the phones. During trial Smith testified that he had made no additions, deletions, or changes in the tape. When the tape was played, it included both the conversation between Smith and Casey and a second call between Smith and another caller asking for Stan.

Appellant argues that the presence of the second call on the tape destroys its reliability and accuracy. He equates its presence with an "addition." However, a review of the record before us reveals that Officer Smith never testified that the tape contained only one conversation. The trial court limited its consideration to the first conversation. As appellant admits, admission of tape recordings is discretionary with the trial court. *See Edwards, supra* at 733; *Cummings v. Jess Edwards, Inc.*, 445 S.W.2d 767 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.); *Schwartz v. State*, 158 Tex.Cr.R. 171, 246 S.W.2d 174 (Tex.Crim.App.1951). We find no abuse of that discretion. Appellant's third ground of error is overruled.

In ground of error number four appellant urges this court to hold that the evidence was insufficient to support the conviction. We have reviewed the evidence and conclude that it is sufficient to support appellant's conviction. We refer to these items in particular:

1—lease records admitted into evidence which prove that appellant was the sole tenant of the apartment in question;

2—registration of the telephone and electrical service at the apartment to appellant;

3—identification of appellant as lessee by the apartment manager;

4—repeated observations of appellant entering and leaving said apartment;

5—abundance of betting paraphernalia in appellant's apartment;

6—presence of only two persons, one of whom was appellant, in apartment when search warrant was executed;

7—appellant's instruction to police officers who arrested him that other person in apartment at time appellant was arrested was not involved in the operation;

8—tape recording of "Casey" calling and asking for Stan, and asking for information one who was considering placing a bet would ask; and

9—Officer Smith's testimony that a written instrument found in the apartment was a betting slip showing a bet placed by a person identified as No. 500, said bet being on the May 6 baseball game between the Los Angeles Dodgers and the Montreal Expos.[1]

■ It is well established in this state that a conviction on circumstantial evidence will be sustained if the circumstances exclude every other reasonable hypothesis except that of guilt. *See Sullivan v. State,* 564 S.W.2d 698 (Tex.Crim.App.1977). We hold that the evidence introduced at trial establishes appellant as the sole resident of the apartment, demonstrated that a gambling operation was being conducted from that apartment, and that there is no reasonable hypothesis other than that appellant was indeed the one conducting that gambling operation. He was the only resident of the apartment. He and Reagan were the only persons present in the apartment when the police officers entered. When an officer began reading Reagan his Miranda warnings, appellant interrupted to say, "The man doesn't do it. He doesn't know what's going on there." All of the foregoing evidence eliminated any hypothesis that Reagan could have been the one conducting the gambling operation.

We follow the court of criminal appeals' rationale in *Herndon v. State,* 543 S.W.2d 109, 121 (Tex.Crim.App.1976), where it stated, "If the evidence in the instant case is viewed in its entirety the reader is left with the inescapable conclusion that appellant was in the business of bookmaking...."

1. The record originally furnished to the court on this appeal contains a xerox copy of State's Exhibit 12A, the document Officer Smith identified in his testimony. That xerox copy did not show the better's code number or the date. This court ordered that all original exhibits be furnished to the court. That was done and we

We overrule the fourth ground of error. The conviction is affirmed.

have examined the original State's Exhibit 12A. It is complete and contains the date and better's code number as well as the other information about which Officer Smith testified. We have ordered the original exhibits returned to the District Clerk of Harris County.