**Romey Lynn POLK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–84–01010–CR, 05–84–01011–CR.**

Court of Appeals of Texas, Dallas.

July 5, 1985.

Rehearing Denied Aug. 22, 1985.

---

was declared.

John H. Hagler, Dallas, for appellant.

Ruth E. Plagenhoff, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, WHITHAM and McCLUNG, JJ.

WHITHAM, Justice.

In our number 05–84–01010–CR, appellant appeals a felony conviction in the trial court's cause number F84–91339–RL for receiving and concealing stolen property. In his first ground of error in this appeal, appellant contends that the evidence is insufficient to show that the grand jury used due diligence to ascertain the name of the individual that was alleged in the indictment as unknown to the grand jurors. We agree. Accordingly, we reverse and remand with instructions to the trial court to render a judgment of acquittal in its cause number F84–91339–RL. In our number 05–84–01011–CR, appellant appeals a conviction for burglary of a habitation in the trial court's cause number F83–A9024–L in which the trial court revoked appellant's probation. In two grounds of error in this appeal, appellant contends that the evidence is insufficient to prove that the appellant violated conditions of probation. We disagree. Consequently, we affirm the

trial court's order revoking probation in the trial court's cause number F83–A9024–L.

### Receiving and Concealing
### Stolen Property

TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1985) provides:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; or

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another.

An automobile belonging to a Ms. Cowart was stolen and disassembled. The indictment alleged in the first count that appellant had appropriated Ms. Cowart's automobile with the intent to deprive her of it. (Theft under TEX.PENAL CODE ANN. § 31.03(b)(1).) The second count of the indictment alleged that appellant had appropriated certain disassembled components of the automobile knowing they were stolen "by another whose name and identity is unknown to the Grand Jurors." (Theft under TEX.PENAL CODE ANN. § 31.-03(a)(2).) The jury convicted appellant under the second count only. The issue is whether the grand jury used due diligence to learn the name of the unknown person.

The only witness testifying regarding this issue was Larry Kortage, the assistant foreman of the grand jury that returned the indictment. Kortage testified on direct examination that the name and identity of the actual thief was unknown to the grand jury. Moreover, Kortage had no independent recollection of hearing the case. Kortage also testified that he did not know if any diligent effort had been made to ascertain the identity of the thief. The record fails to establish whether the grand jurors inquired from any witness as to the name of the thief. At the close of the testimony, the defense moved for an instructed verdict on the ground that the evidence was insufficient to support a judgment of conviction

arguing that no diligent effort had been shown. The trial court denied the motion. On the following day, the motion was reurged and again denied. Finally, the same objection was raised during the motion for new trial hearing and denied.

■■■■ Implicit in the decisions of the court of criminal appeals is the requirement that the grand jury at least ask the name of a person before stating in their indictment that the person is unknown. *Payne v. State*, 487 S.W.2d 71, 74 (Tex. Crim.App.1972) (appeal from conviction for receiving and concealing stolen property in which the indictment alleged that the accused received the stolen property "from a person to the Grand Jurors unknown"). The law is settled that an allegation that the name of a person connected with the offense was unknown to the grand jury must be supported by sufficient proof. And where this allegation becomes an issue on the trial, the proof must show that the grand jury used due diligence to ascertain the unknown name. *Payne*, 487 S.W.2d at 74. We conclude that the allegation that the name of a person connected with the offense was unknown to the grand jury was an issue at trial in the present case. We conclude further, therefore, that the proof in the present case must show that the grand jury used due diligence to ascertain the unknown name. We conclude also that the evidence failed to establish that the grand jury used due diligence. It follows, and we so hold, that the evidence in the present case is insufficient to show that the grand jury used due diligence to ascertain the name of the individual that was alleged in the indictment as unknown to the grand jurors. Consequently, we sustain appellant's first ground of error in our number 05–84–01010–CR.

### The Probation Revocation

In two grounds of error, appellant contends that the evidence is insufficient to prove that he violated condition (J) (pay probation fees) and condition (K) (pay restitution) of his probation. The only witness called by the State at the hearing on revo-

cation of probation was Joe Woodward. Woodward testified that he was a probation officer assigned to the trial court. He admitted, however, that he personally did not have supervisory capacity over appellant during the period of probation. Instead, he brought to the court the records from the probation department. These records, however, were not offered or admitted into evidence. Nevertheless, Woodward testified concerning his opinion as to whether appellant violated the conditions of probation. Appellant directs us to this part of the record.

> [PROSECUTOR]: Mr. Woodward, has the defendant violated Conditions J and K of his probation?
> A. Yes.
> [PROSECUTOR]: All right. And how has he violated Conditions J and K of his probation?
> [DEFENSE COUNSEL]: I would object again, Your Honor. The answer calls for hearsay, and the proper predicate has not been laid.
> THE COURT: Well, maybe I wasn't listening. Has he testified what he bases his opinion on? Maybe that's what I missed.
> [PROSECUTOR]: All right.
> THE COURT: Answer the question. It's in front of the court. I'll overrule the objection at this time.
> THE WITNESS: I am basing my information, my opinion on the business records of the probation department. And according to those records, he has not paid probation fees nor has he paid restitution.
> [DEFENSE COUNSEL]: I would again object, Your Honor, on the grounds that the answer calls for hearsay.
> THE COURT: I'll overrule that, Mr. Lamb, at this time.

In disposing of appellant's contentions, we focus on the prosecutor's first question and appellant's answer to that question. "Has the defendant violated Conditions J and K of his probation"? Answer: "Yes." Appellant failed to object to the question. The record shows the answer to be hearsay. An objection must be made at the first opportunity to be considered timely. *Marini v. State*, 593 S.W.2d 709, 716 (Tex.Crim.App.1980). Appellant failed to timely object. Therefore, although Woodward's testimony was hearsay, his testimony is evidence that appellant violated conditions "J" and "K". Consequently, we must determine if Woodward's testimony had probative value to establish violations of conditions "J" and "K".

Heretofore, the rule has been that hearsay evidence, even admitted without objection, constitutes *no* evidence, is without probative force, and cannot be used in determining the sufficiency of the evidence. *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex.Crim.App.1983) (en banc) (emphasis in original). The present case, however, was tried August 28, 1984. The Texas Rules of Evidence became effective September 1, 1983. The last sentence of TEX.R.EVID. 802 provides that "[i]nadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." TEX.CODE CRIM.PROC.ANN. art. 38.02 (Vernon 1979) provides "[t]he rules of evidence prescribed in the statute law of this State in civil suits shall, so far as applicable, govern also in criminal actions when not in conflict with the provisions of this Code or of the Penal Code." We conclude that the Texas Rules of Evidence are "statute law" within the meaning of article 38.02. We reach this conclusion by analogy to the Texas Rules of Civil Procedure. The Texas Rules of Civil Procedure were adopted by the Supreme Court of Texas. The Texas Rules of Civil Procedure have the same force and effect as statutes. *Missouri Pacific Railroad Co. v. Cross*, 501 S.W.2d 868, 872 (Tex.1973). Like the rules of civil procedure, the Texas Rules of Evidence were also adopted by the Supreme Court of Texas. Order adopting the New Rules of Evidence, 641–642 S.W.2d (Texas Cases) XXXV. We conclude, therefore, that the new rules of evidence have the same force and effect as statutes. Thus, if there is no conflict between the last sen-

tence of rule 802 and the Texas Code of Criminal Procedure or the Texas Penal Code, the rule of evidence prescribed in the last sentence of rule 802 must govern in the present case. We conclude that there is no conflict between the last sentence of rule 802 and the Texas Code of Criminal Procedure or the Texas Penal Code. We hold, therefore, that the last sentence of TEX.R.EVID. 802 changes the long standing rule in criminal cases that hearsay evidence, even admitted without objection, constitutes no evidence, is without probative force, and cannot be used in determining the sufficiency of the evidence. Therefore, under rule 802, Woodward's testimony may not be denied probative value. Thus, we conclude that Woodward's testimony had probative value to establish violations of conditions "J" and "K". It follows, and we so hold, that the evidence is sufficient to prove that appellant violated condition "(J)" and condition "(K)" of his probation to pay probation fees and to pay restitution. Accordingly, we overrule appellant's two grounds of error challenging revocation of his probation.

We reverse the trial court's judgment in its cause number F84–91339–RL and remand the case to the trial court with instructions to render a judgment of acquittal in its cause number F84–91339–RL. We affirm the trial court's order revoking probation in its cause number F83–A9024–L.

AKIN, Justice, concurring.

With respect to the probation revocation, I concur only in the judgment reached by the majority because no necessity existed for the majority to reach the question of whether unchallenged hearsay would support the revocation under TEX.R.EVID. 802. Indeed, the Court of Criminal Appeals in *Frazier v. State*, 600 S.W.2d 271 (Tex.Crim.App.1979), expressly held that unobjected to hearsay in a probation revocation hearing would support a revocation judgment and was a recognized exception to the general rule in Texas, prior to September 1, 1983, that unobjected to hearsay

was not probative and, thus, no evidence. Consequently, the question of whether the Texas Rules of Evidence, which the supreme court promulgated and made effective on September 1, 1983, apply to criminal cases generally need not be addressed and should not be addressed in resolving this appeal. In my view, we should await a case where this question is presented and is necessary for the resolution of the case.