William Cooper SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-87-098-CR.

Court of Appeals of Texas, Austin.

June 8, 1988.

Douglas C. Wise, Austin, for appellant.

Ronald Earle, Dist. Atty., Laurie Booras, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

PER CURIAM.

The district court found appellant guilty of robbery and assessed punishment, enhanced by two previous felony convictions, at imprisonment for 28 years. Tex.Pen.

Code Ann. § 29.02 (1974). This Court will affirm the judgment of conviction.

By a single point of error, appellant complains of the district court's failure to comply with Tex.Code Cr.P.Ann. art. 1.15 (1977), which requires that the defendant's waiver of the right of confrontation and consent to stipulated testimony "must be approved by the court in writing." An examination of the record confirms appellant's complaint. The "agreement to stipulate testimony on plea of not guilty" that appears in the transcript is signed by appellant, his attorney, and the attorney for the State, but the line for the trial judge's signature is blank.

The Court of Criminal Appeals recently stated that:

This Court has long held that compliance with the requirements of [art. 1.15] must be strictly followed before a stipulation can be considered as evidence where the plea is before the court, and the failure of the trial judge to comply with the requirements of the statute will require that the judgment of the trial court must be reversed *if it is found that it was based upon such stipulation.*

*McClain v. State,* 730 S.W.2d 739, 742 (Tex.Cr.App.1987) (emphasis added). Although the district court in the cause before us committed trial error by failing to comply with art. 1.15, *Messer v. State,* 729 S.W.2d 694, 700 (Tex.Cr.App.1986) (opinion on rehearing), reversible error is not presented because the stipulated evidence is not necessary to sustain the judgment of conviction. Therefore, it cannot be said that the judgment of the district court was based on the stipulation.

The indictment alleges that during the course of the robbery appellant struck the victim "with an object unknown to the Grand Jury." The erroneously admitted stipulation was to the effect that if the foreman of the grand jury were called as a witness, she would testify that the grand jury had been unable to determine, after a diligent investigation, the object with which appellant struck the victim. This stipulation was not necessary to meet the State's burden of proof because there is other evi-

dence constituting a prima facie showing that the object used to strike the victim was not known and therefore not capable of being discovered.

In *Payne v. State,* 487 S.W.2d 71 (Tex. Cr.App.1972), the court stated:

The law is settled that an allegation that the name of a person connected with the offense was unknown to the Grand Jury must be supported by sufficient proof. And where this allegation becomes an issue on the trial, the proof must show that the Grand Jury used due diligence to ascertain the unknown name.

*Id.* at 74. In *Polk v. State,* 749 S.W.2d 813 (Tex.Cr.App.1988) (opinion on rehearing), the Court elaborated on Payne as follows:

It is important to note that *Payne* requires proof of grand jury due diligence *only* when the allegation that the person from whom the property was received was unknown becomes an *issue.*

. . . . .

The *issue* that *Payne* refers to is not whether the grand jury exercised due diligence. Instead, the preliminary *issue* that must be raised by the evidence is whether or not the allegation that the person from whom the property was received was actually unknown. In other words, the *issue* is whether or not the identity of the allegedly unknown person was known or with the exercise of reasonable diligence capable of being known. Consequently, grand jury due diligence must be proven by the State only after the evidence reveals that the original thief's identity was known or capable of being discovered. If the identity of the original thief was unknown or incapable of being discovered then evidence of a grand jury's diligence in trying to discover that which remains unknown would be a time consuming exercise of self-serving futility.

At 817 (emphasis in original). Although *Payne* and *Polk* dealt with an allegedly unknown name, the reasoning of these opinions is equally applicable where, as in this cause, it is an object that is alleged to be unknown.

At trial, the victim described the robbery as follows:

Q So when you came around the corner, you said you saw [appellant] and another man. Had you seen that man before?

A Not that I can recall.

Q And what did they do?

A Well, I proceeded to go down—there was a little ledge on another building right at the edge of the liquor store, which was legally off the grounds of the liquor store where you weren't supposed to drink, and I started to go towards that ledge where I was going to sit and we were going to drink the bottle, I presume, and all of a sudden, I—something just shoved me or hit me, and I went to the ground, and my head hit up against the pavement.

Q Was there anyone else in this vicinity, other than [appellant] and the other man that you didn't know?

A There was some people around the corner.

Q But in that alley where you were.

A Not that I know of, no.

Q So the only three people that you saw in the alley were you, [appellant], who is the defendant, and another man—

A Yes, ma'am.

Q —who was with [appellant]?

A Yes, ma'am.

Q Okay, are you sure or not sure who pushed you down?

A I am not sure.

Q Did you feel them hit you with anything?

A It came so quick I don't know if they were hitting with a hand or just shoved or what. All I know is I went down to the ground. My head hit on the pavement.

Q Could they have hit you with an object?

A I really don't think so. I mean nothing—

Q So it might have been a blow with the hand?

A Yes, ma'am, or just possibly shoved; I don't know. It wasn't, I don't believe, like a stick or anything. I am sure of that.

Q Might it have been a rock or stick?

A Not a stick.

Q Okay, you just don't know what they had? You just felt something hit you?

A Yes, ma'am.

Q And where exactly were you hit?

A Right in here—in the back of the head.

Q Okay, did you hit the pavement?

A Yes, ma'am.

Q Now, what happened after you hit the pavement?

A I felt someone go through my pocket—reaching their hand in my pocket. I carried my money in my front pocket.

Q Did you know who that person was?

A I looked up and saw the defendant over me—kneeling over me.

Q He was kneeling over you?

A Yes, ma'am.

Q And where was the other man?

A That I am not sure.

Q Do you believe from the position of the defendant that it was him or the other man who was going through your pockets?

A I believe it was the defendant.

Q And is that from his position—the way he was standing over you?

A Yes; kneeling over me.

Q He was kneeling over you?

A Yes, ma'am.

Q Did you feel him taking anything out of your pocket?

A Yes, ma'am.

Q What was that?

A Money.

Q That was the money from your paycheck?

A Yes, ma'am.

Q What did he do after you felt that money being removed?

A They ran down the alley—down—I am not too good on directions, but not straight down towards the next street—away from Red River.

Q You saw both men running down the alley?

A   Yes, ma'am.

Other than this testimony by the victim, the record is silent as to the object used in the assault.

The record in this cause does not give any indication as to the precise nature of the object with which the victim was struck. Thus, a prima facie showing was made that the object used to strike the victim was unknown to the grand jury, as alleged. *Scott v. State,* 732 S.W.2d 354, 359 (Tex.Cr.App.1987); *Cunningham v. State,* 484 S.W.2d 906, 911 (Tex.Cr.App. 1972). The diligence of the grand jury was never put in issue because the object remains unknown. *Polk v. State, supra.* Because the stipulated evidence was unnecessary to the State's case, and because the evidence is sufficient to sustain the judgment of conviction without reference to the stipulation, it follows that the district court's failure to comply with art. 1.15 was harmless error beyond a reasonable doubt. *McClain v. State, supra;* Tex.R.App.P. Ann. 81(b)(2) (Supp.1988).

The judgment of conviction is affirmed.