# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-05-00552-CR

---

**Kenyard White, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. 3041343, HONORABLE FRED A. MOORE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Kenyard White of aggravated sexual assault of a child and assessed punishment at thirty years' confinement in the Texas Department of Corrections, Institutional Division. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2005). In three issues, appellant challenges the admission of various evidence. Because the district court did not abuse its discretion in admitting the evidence at issue, we affirm the conviction.

## DISCUSSION

The complainant was born in January 1994 and lived with his mother who was not married to his father. His mother introduced him to his biological father for the first time in 2002 and agreed to visitation rights for the father. The complainant began spending time, including

weekends, with his father. The complainant encountered appellant, the father's live-in boyfriend whom he had met on an Internet chat room, on visits with the father. Appellant moved to Texas to live with the complainant's father in January 2004.

The allegations that are the subject of the indictment surfaced in June 2004 when complainant's mother encountered him looking at pornography on the Internet. At that time, the complainant made an outcry of abuse, telling his mother that appellant "put his dick in my butt" and that he did not want to tell his father or to get anyone in trouble. In an outcry statement and a medical examination, the complainant told of appellant touching him on his "private part" and telling him "that he did this because his girlfriend died in an accident" and the complainant's "bottom was the same size as hers." At trial, the complainant testified to three occasions, including an incident in the shower, when his father was at work and appellant touched him inappropriately.

The appellant testified on his own behalf and denied that he had touched the complainant inappropriately. Describing the shower incident, appellant said, "I opened the shower curtain and [the complainant] was bent over." Appellant claimed that he thought the complainant had been abused by someone and appellant demanded to know who had done this to him.

On appeal, appellant contends that the district court erred in admitting (i) the testimony of a medical doctor because it includes hearsay testimony, (ii) appellant's videotaped statement because he appears to be in custody, and (iii) the outcry statement of the complainant's mother because it is hearsay and beyond the scope of an admissible outcry statement. Because appellant does not challenge the sufficiency of the evidence and these issues involve matters of

settled law, we will discuss the factual background to the extent it is relevant to the issues raised on appeal.

### *Standard of Review*

The admission of evidence is a matter within the discretion of the trial court. *Montgomery v. State*, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990). Absent an abuse of discretion, we do not disturb a trial court's ruling on the admissibility of evidence. *Id*. at 391 (op. on reh'g). As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion, and we must uphold the ruling. *Id*.

### *Statements Made for Medical Diagnosis and Treatment*

At trial, the State offered the testimony of Dr. Beth Nauert, a pediatrician with the Austin Diagnostic Clinic and medical director of the Child Assessment Program, which evaluates children who are suspected of having been physically or sexually abused. Dr. Nauert testified to statements made by the complainant when she examined the child at the request of an officer with the Austin Police Department. Appellant contends that Dr. Nauert's testimony was inadmissible because the child's statements were "geared towards determining whether the child has been sexually abused not towards medical treatment of the child" and were merely the child's hearsay statements. Because the examination did not show any physical evidence of abuse, appellant asserts that the statements alone are inadmissible. The record does not support this argument.

Statements by a suspected victim of child abuse about the cause and source of the child's injuries are admissible under an exception to the hearsay rule. Tex. R. Evid. 803(4). The

3

purpose of a sexual assault examination is to ascertain whether the child has been sexually abused and to determine whether further medical attention is needed. *See*, *e.g.*, *Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd). Thus, statements describing acts of sexual abuse are pertinent to the victim's medical diagnosis and treatment. *Id*. An exception is made to the hearsay rule for "statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Tex. R. Evid. 803(4).

Dr. Nauert testified that a sexual assault examination has three distinct parts: medical history, physical examination, and laboratory testing. The first stage involves obtaining the child's medical history. During this part of the exam, the clinician asks the child for information about what happened. Dr. Nauert explained that this information guides the doctor in determining the type of examination and testing necessary for diagnostic purposes and the type of treatment, if any, that is appropriate. Dr. Nauert said that she took the complainant's medical history to determine the appropriate diagnostic test and treatment for the child, and she performed a head-to-toe physical examination of the complainant. She testified about her conversation with the complainant, including the child's statements about where and how the appellant had abused him. The record includes evidence that appellant penetrated the complainant's rectum. Dr. Nauert concluded that the child's physical examination was normal and "consistent with his history of previous rectal penetration but not proof of that."

We conclude the complainant's out-of-court statements regarding appellant's conduct were made for the purpose of medical diagnosis and treatment. Because the statements were properly admitted under Rule 803(4), the district court did not err in admitting Dr. Nauert's testimony into evidence. We overrule appellant's first point of error.

### Appellant's Videotaped Statement

In his second point of error, appellant contends that the district court erred in admitting into evidence a videotape in which appellant was interviewed by an Austin Police Department detective. Appellant specifically contends that his rights were violated because he was "obviously in custody" when he gave the statement and the State is prohibited from allowing a defendant to appear in front of the jury in jail attire and restraints. *See Lucas v. State*, 791 S.W.2d 35, 54 (Tex. Crim. App. 1990) (videotape showing defendant restrained at crime scene). Appellant urges that the interview was therefore conducted in violation of his due process rights and the presumption of innocence under the Fifth, Sixth and Fourteenth amendments to the United States Constitution and under the Texas Constitution. *See* U.S. Const. amends. V, VI, XIV; Tex. Const. art. I, §§ 10, 19.

Appellant was not handcuffed, was wearing street clothes, and the interview was conducted in an interrogation room. A recorded statement is admissible, under the explicit terms of article 38.22, section 3(a), if the State shows the recording is accurate and has not been altered. Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a) (West 2005). Appellant was properly advised of his rights and does not claim that the interview was coercive or that he gave the statement involuntarily. *See Creager v. State*, 952 S.W.2d 852, 855 (Tex. Crim. App. 1997). Nor does he assert that the State

5

failed to lay the necessary predicate for the admission of the tape. *See* Tex. R. Evid. 901. Rather, he asserts that just as the invocation of a defendant's rights is inadmissible, so, too, should a waiver of rights be inadmissible. He cites no authority for this proposition.[1]

A trial court has broad discretion in admitting videotapes and tape recordings into evidence. *See*, *e.g.*, *Shephard v. State*, 749 S.W.2d 283, 285 (Tex. App—Fort Worth 1988, pet. ref'd); *Chimelewski v. State*, 681 S.W.2d 166, 169 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). Because the videotape contains appellant's statement given after he was advised of and waived his rights, it is highly relevant and we cannot say the trial court abused its discretion in allowing the tape into evidence.

Appellant also complains that the videotape referenced extraneous acts that were not included in the indictment and that the court erred in admitting these acts because they were not relevant to issues in the case and presented the danger of unfair prejudice. *See* Tex. R. Evid. 401-404. The State responds that the extraneous offenses were admissible as contextual evidence and were further admissible under article 38.37 to show the relationship between appellant and complainant. *See* Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 2005).

During his videotaped interview, appellant denied molesting or having sex with the complainant. In response to a question as to whether he had ever had sex with the complainant, appellant responded, "Never, ever. Ever. Have I ever seen his ass? Yes." Appellant then described an incident in the shower in which he observed the complainant's anatomy and had a discussion with

---

[1] Although we overrule this point of error, in the alternative, appellant's failure to offer any relevant authority on this point waives the issue on appeal. *See Smith v. State*, 683 S.W.2d 393, 410 (Tex. Crim. App. 1984).

the complainant until the boy began to cry. Appellant then volunteered another discussion he had with the complainant when they were lying in his bed:

> I said—this is what I did, and I swear to you—I said, "Pull your pants down." He said, "Why?" I said, "Pull your pants down." He pulled his pants down. I said, "Turn over." And he said, "Okay." He turned over. And then that's when I said, "You need to get your ass whupped. Somebody touched you, and I'm going to tell." He said, "Please, please don't tell my mom. Please." And I said, "You'd better tell me." And he said, "I'm going to tell you." And his father walked in the door, which is my lover. And I said, "We'll talk about it later." He had to go home.
>
> I think he went home, panicked that I was going to tell, because I also caught him jerking off. I'm with him 24/7, uh, 24/7. You know what I'm saying? I take this kid to the park, everything. I even work with kids. I'm trying to tell you. Somebody touched him.

At trial, appellant admitted the incidents referenced in the videotaped interviews but he denied touching the complainant "in a sexual way." Appellant testified that the complainant's father would allow the complainant to walk around the house in underwear and that appellant disapproved. At one point, appellant testified that the complainant was "forced upon" him and that "he's in my care the majority of the time." He later testified that he really was not around the complainant "24/7" and that it was just a figure of speech.

Article 38.37 provides for the admission of certain evidence in the prosecution of a defendant for sexual offenses committed against a child under 17 years of age:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and

7

(2) the previous and subsequent relationship between the defendant and the child.

Tex. Code Crim. Proc. Ann. art. 38.37, § 2. By its express terms, article 38.37 creates an exception to Texas Rules of Evidence 404 and 405. *Id.* It allows evidence of extraneous offenses committed by the defendant against the child to be admitted to show the state of mind of the defendant and child and their previous and subsequent relationship. *Id.* Under the language of article 38.37, the statement is admissible if it involved evidence of other crimes, wrongs, or acts committed by appellant against the complainant. *Id.* The videotaped statement clearly met this requirement. We have previously addressed the admission of extraneous acts in the context of sexual abuse cases involving children and have concluded that the legislature has determined that, in certain sexual abuse cases, evidence of "other crimes, wrongs, or acts" committed by the accused against the child victim is "relevant and admissible" for its bearing on relevant matters including state of mind and the parties' previous and subsequent relationship. *Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd); *see also Allen v. State*, 180 S.W.3d 260, 266 (Tex. App.—Fort Worth 2005, no pet.); *Conrad v. State*, 10 S.W.3d 43, 46 (Tex. App.—Texarkana 1999, pet. ref'd).

Even apart from article 38.37, other acts are admissible for purposes other than to prove the character of a person, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b); *Montgomery*, 810 S.W.2d at 387-88. Because appellant testified on his own behalf and, in his testimony, he disputed motive, opportunity, and intent, this evidence was properly admitted under Rule 404(b). The trial court did not err by overruling appellant's objection and admitting the videotaped statement. We overrule his second point of error.

8

*Outcry Statement*

Because appellant was indicted and convicted for an act of aggravated sexual assault and the outcry statement to the complainant's mother included other incidents of sexual abuse in addition to the one set forth in the indictment, appellant contends that the outcry statement was improperly admitted. We disagree.

On approximately June 17, 2004, the complainant's mother walked in on him as he was looking at pornography on the Internet. As she began to began to discuss her concerns about pornography with him, the complainant blurted out, "Mama, he put his dick in my butt." He identified appellant and told her when the act occurred. He then told her about the "shower" incident and that appellant had shown him pornography on the Internet.

These statements fell within the statutory exception to the hearsay rule for "outcry" statements. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (West 2005). In child abuse cases, an exception to the hearsay rule exists for statements describing the offense made by the child victim to the first adult. *Id*. Even if the witness's testimony described a prior bad act, as with the appellant's videotaped statement, it is admissible if it has a bearing on relevant matters, including the state of mind of the defendant and the child and the previous and subsequent relationship between the parties as previously discussed. *See id*. art. 38.37. Based on our review of the record, we conclude that the mother's testimony was relevant to show appellant's state of mind and his perception of the previous relationship between him and the complainant as being sexual in nature.

In addition, appellant's counsel opened the door to this type of testimony. During cross examination of the complainant's mother, counsel inquired about when a specific sexual advance occurred. The witness responded that there was an incident with the complainant in the

9

shower. Defense counsel then specifically asked what the incident was. Counsel later objected when the State sought to introduce the entire outcry statement which included the shower incident. Although appellant objects to the admission of "other incidents of sexual abuse" that were admitted through the mother's outcry statement, he does not identify them. In addition, the trial judge included a limiting instruction in the jury charge that any extraneous acts could be considered only for the purpose of determining the appellant's state of mind. *Id*.

The district court did not abuse its discretion by admitting the statements made by the complainant to the outcry witness, his mother. We overrule his third point of error.

**CONCLUSION**

Having overruled appellant's points of error, we affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: June 9, 2006

Do Not Publish